No. 18,436.

MINNIE M. LAFFERY, *Appellee*, v. THE UNITED STATES GYPSUM COMPANY et al., *Appellants*.

SYLLABUS BY THE COURT.

MINES AND MINING—*Negligence—Falling Rock—Death of Employee—Liability of Mine Owner—Independent Contractor.* The syllabus in *Laffery v. Gypsum Co.*, 83 Kan. 349, 111 Pac. 498, except paragraph six thereof, is adopted as the syllabus in this case.

Appeal from Marshall district court; SAM KIMBLE, judge. Opinion filed June 6, 1914. Affirmed.

*O. C. Mosman, John E. MacLeish,* and *W. W. Red-mond,* all of Marysville, for the appellants; *Scott, Bancroft & Stevens,* of counsel.

*E. A. Berry,* of Waterville, *W. J. Gregg,* and *J. D. Gregg,* both of Frankfort, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action has been tried three times in the district court. On the first trial the jury failed to arrive at a verdict; on the second trial verdict and judgment were for the plaintiff, and an appeal was taken to this court and the judgment was reversed. (*Laffery v. Gypsum Co.,* 83 Kan. 349, 111 Pac. 498). The questions there presented are practically the same as are now involved. The judgment was then reversed for the failure of the trial court to submit a disputed question of fact, viz., whether a person who employed the workmen and superintended the operation of a gypsum mine was an independent contractor or the superintendent for the owner. On the third trial the question was submitted to the jury upon the evidence, and it was found that Drake was the superintendent and not an independent contractor, and judgment was rendered against the owner as well as the superintendent. From this judgment both Drake and the gypsum company appeal.

The general statement of the facts in controversy is the same now as before, and is sufficiently stated in the former opinion, *supra,* to give an understanding of the issues involved; also, the several propositions of law stated in the first, second, third, fourth, fifth, seventh and eighth paragraphs are pertinent to this decision and are adopted as the law of this case. The sixth paragraph now becomes immaterial, because the question of fact was submitted to and passed upon by the jury. The eighth paragraph, relating to the sufficiency of the evidence, still coincides with the views of

Laffery v. Gypsum Co.

the court, although the evidence is somewhat different than it was on the former trial.

The appellant makes several assignments of error, the first and second of which are based upon the propositions that the mine was operated by Drake as an independent contractor of the appellant company, and that the company did not assume control of the mine, and hence was not responsible for the injury and death of appellee's husband. By the pleadings the issue was fairly presented.

The appellee desired to prove that the appellant company had accident insurance in the Travelers Insurance Company upon the workmen employed at the time of Laffery's death; as bearing upon this fact the appellee introduced a written and printed report which was signed by "J. E. Drake, Supt. United States Gypsum Co. Mines." This report was mailed by Drake to the appellant company and by the appellant company to the insurance company. It is contended that Drake, whatever his relationship was, could not by any declaration or act subsequent to the accident bind the company. The report does not purport to bind the company, but does purport to show that the accident occurred through the fault of the deceased. In connection with the other evidence, especially the use made of the report by the appellant company, it was properly admitted as tending to prove that Drake was such superintendent and not an independent contractor. The appellee also introduced various correspondence between the appellant company and the insurance company and the policy of insurance issued to the appellant. The question of its relevancy is determined by the seventh paragraph of the syllabus of the former opinion.

The first and second assignments of error constitute, in effect, a demurrer to appellee's evidence and a request for an instruction for appellant. There was no error in the ruling involved.

As indicated in the former opinion, if Drake was an independent contractor and the company retained no control over the work or workmen, the relation of master and servant did not exist between the appellant company and the deceased, and the company would not be responsible in damages for the accident. This, however, is subject to the exception that if the contract between the company and the contractor required the performance of work, intrinsically dangerous however skillfully done, the company as well as the contractor might be liable. This question is not for our consideration if the finding that the relation between the gypsum company and Drake was that of employer and employee, and not of owner and contractor, is fairly sustained by the evidence.

The jury found, in substance, that there was a contract between the gypsum company and Drake that Drake was to mine the gypsum at forty-five cents per ton, but that the contract was not made in good faith; that, in fact, Drake was the superintendent of the mine for the company at the time of the accident and was not an independent contractor. It is contended, however, that there is no competent evidence to support these charges.

Drake reported the death of Laffery on a blank of the Travelers Insurance Company and sent it to the appellant company. He signed it as superintendent of the gypsum company. It is urged that this could not be evidence as it tended only to relieve him of responsibility and place it upon the company. The gypsum company, however, forwarded the report to the insurance company. There is no claim that Drake had any accident policy upon the employees, while there was evidence that the appellant company had such a policy. All the correspondence between the appellant company and the insurance company which was introduced in evidence manifested an interest on the part of the appellant in the insurance. A policy of insurance

was finally introduced in evidence, running from the Travelers Insurance Company to the appellant company, by which the insurance company undertook to pay the appellant certain sums in the event of loss by reason of injury to the employees at the mine in question. The policy purports to be in force from December 13, 1904, for one year. The accident occurred February 20, 1905. The policy, however, was not attested by the president and secretary of the insurance company until February 21, 1905. It contained a provision that it should not be binding upon the insurance company until countersigned by Phister and Wright, general managers, duly authorized agents of the company at Chicago, Ill. Whether the policy was in force at the date of the accident is entirely immaterial to this action as a matter of evidence.

If the appellant company applied for insurance against liability for which it might become liable for injuries to the laborers at the mine, and made such application before the accident and thereafter received the policy, it amounts to a recognition that such laborers were its workmen to the same extent that it would had such policy been fully executed and received by it before the accident; there is no evidence that the insurance company denied liability thereon or that it admitted such liability. There was evidence that the policy was received by the appellant company. If the laborers generally and the deceased were workmen for the appellant company, they were not workmen for Drake as an independent contractor. There was sufficient evidence to justify the submission of the question to the jury and to justify a finding by the jury that Laffery, at the time of his death, was in the employ of the appellant company. We have examined all the questions raised upon the introduction of evidence and the alleged misconduct of the court and find no substantial error therein. There was some incompetent evidence admitted, of witnesses called by the

appellee, but generally it was so clearly shown on cross-examination to be irrelevant that no prejudice resulted to the appellant company from its admission. Probably much of it would have been stricken out had application been made therefor after the matter in question had been fully developed.

The complaint is made that the court expressed its opinion on the weight of the evidence previously given during the progress of the trial, but the modification made by the court at the time, and the instructions given, fairly gave the jury to understand that the weight and effect of the evidence was for the determination of the jury and not for the court. No prejudice resulted to the appellant from the remark.

Objection is made, also, to remarks of counsel for appellee in summing up the case; that counsel therein indicated just what answers should be made to certain questions, and that the jurors adopted the answers indicated in answering several of the questions submitted.

After the evidence is concluded and the court has given its instructions in an action, it is the province of counsel on either side to review the evidence which has been presented in a light favorable to their respective clients, and by every fair means to convince the jury that their verdict, as well as the answers to special questions submitted, should be made favorable to the party for whom the address is being made. We can not say that the privilege of counsel was abused in this respect, nor that the answers to the special questions submitted, although in accordance with statements of counsel, were not supported by the evidence.

We find no substantial error in the trial, and find that the verdict and judgment were supported by sufficient evidence.

The judgment is affirmed.