Ruth F. Blount *vs.* Tow Fong *et als.*

JULY 8, 1927.

Present: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Negligence. Projecting Signs. Independent Contractor.*

Where defendant owner contracted with a third party to erect a sign in front of his premises and projecting over the sidewalk, under a special permit issued by the city in accordance with the ordinance which required owner to keep the sign in good repair and in safe condition, and after erection and while it was being tested by contractor, glass fell from it, injuring plaintiff walking on the sidewalk, defendant cannot escape liability on the ground that the work was being done by an independent contractor and was under his sole control, as the duty of owner to protect third parties from injury under such circumstances is non-delegable.

Trespass on the Case for negligence. Heard on exception of plaintiff and sustained.

SWEENEY, J.   This is an action of trespass on the case for negligence to recover damages for personal injuries. The case was tried in the Superior Court and at the close of the testimony the trial justice directed a verdict for defendants.  Plaintiff excepted to this ruling and has brought the case to this court by her bill of exceptions.

It appears in evidence that for some time prior to December 9, 1921, defendants owned and operated a restaurant at 205 Weybosset street in the city of Providence; that in front of their restaurant, about 10 feet above the sidewalk, was a vertical electric sign 35 feet high and 8 feet wide.  This sign projected over the sidewalk 11 feet. About noontime, December 9, 1921, while plaintiff was walking under the sign some glass fell from it and struck her on the head causing serious injuries.

The defense was that the sign was being constructed by an independent contractor and was under his sole control at the time plaintiff was injured.   The verdict was directed for defendants on this ground.

Defendants introduced in evidence the contract under which the sign was erected.   The contract was in the form of a letter dated October 11, 1921, by which H. A. Stevens offered to make and erect a metal electric sign according to the details stated in the letter for $2,050.   This offer was accepted by defendants.  The sign was to be wired for 1,350 lamps or bulbs and 1,080 glass color hoods.  Mr. Stevens erected the sign and his employees were testing it at the time plaintiff was injured.  As soon as the electricity was turned on a fire started in the sign thereby causing some of the color hoods to fall to the sidewalk.

An ordinance of the city of Providence, Chapter 60, 1914, forbids the location or maintenance of any sign which projects more than 12 inches over the sidewalk of any street unless a special permit therefor is granted by the inspector of buildings to the owner, occupant or lessee of such building.  As required by this ordinance, one of defendants, King Fong by H. A. Stevens, made an application to the

inspector of buildings for a special permit to erect the sign and agreed to observe and conform to all of the conditions and requirements of the ordinance as a part of the permit. The application was approved by the inspector of buildings and the special permit was granted by him. The ordinance provides that every sign permitted shall be kept in good repair and at all times maintained in a safe condition. It also provides that every permit shall be granted upon the condition that the licensee, and every owner of, or person maintaining any such sign shall be liable for and shall satisfy, and save the city harmless and indemnified against any liability on its part on account of any lawful damages to persons or property caused by the construction or maintenance of such sign over the sidewalk or any negligence relative thereto.

Defendants contend that the undisputed evidence proves that at the time plaintiff was injured the sign was under the care and control of an independent contractor who was engaged in the erection of the sign and that he alone, and not the defendants, is liable for any injuries sustained by the plaintiff. We cannot agree with this contention.

. To the general rule that the independent contractor and not the owner is liable for all damages to third persons resulting from his negligence while the work is in progress and under his exclusive control and has not been accepted by the owner, there are several exceptions as pointed out in *Sanford* v. *Pawtucket St. Ry. Co.*, 19 R. I. 537; *Read* v. *East Prov. Fire District*, 20 R. I. 574; *Taylor* v. *Winsor*, 30 R. I. 44; *Sroka* v. *Halliday*, 39 R. I. 119. In the latter case the court said, p. 133, "There is a notable and important exception to this doctrine where the contract calls for the doing of things which are in their very nature liable, unless precautions are taken, to do injury to others. In these latter cases a duty arises on the part of the contractee to see to it that these precautions are taken; and he cannot escape his duty by turning over the whole performance to a contractor." This case is cited in 39 C. J. 1332. Another

exception is that when the law imposes a positive duty to the public on the contractee he cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor and he will be liable for injuries resulting from the contractor's negligence in the performance thereof. 39 C. J. 1336, citing *Sanford* v. *Pawtucket St. Ry. Co., supra.* If the duty to the public is imposed by ordinance the contractee cannot escape liability by delegating the work to an independent contractor. This rule is often applied when obstructions in streets are made pursuant to authority derived from an ordinance or permit. The taking of these precautions is said to be a nondelegable duty and the precautions must be taken. 39 C. J. 1337.

Another exception is where the act which causes the injury is one which the contractor was employed to do and the injury results not from the manner of doing the work but from the doing of it at all the contractee is liable for the acts of his independent contractor. 39 C. J. 1328.

The liability of an employer as predicated (1) on the ground of his being subject to a nondelegable duty in regard to the injured person; or (2) in respect to work which will in the natural course of events produce injury, unless certain precautions are taken; or (3) with respect to work which is inherently or intrinsically dangerous, has been exhaustively treated in three monographs found in 23 A. L. R. pp. 984, 1016, 1084. As to the first class the author quotes *Sanford* v. *Pawtucket St. Ry. Co., supra,* "No one can escape from the burden of an obligation imposed upon him by law by engaging for its performance by a contractor." The court also said: "Had the obstruction resulted directly from the act which the contractor agreed and was authorized to do, then both the defendant and the contractor would have been equally liable to the injured party." As to the second class the author states, p. 1024, that the general statements tabulated show that the doctrine is that the duty of the employer to take those precautions which are necessary to prevent the work from becoming a probable source of injury

to a certain class of persons or property is absolute and consequently nondelegable. As to the third class the author states, p. 1089, that the generally accepted rule is that a person who engages a contractor to do work of an inherently dangerous character remains subject to an absolute, non-delegable duty to see that it is performed with that degree of care which is appropriate to the circumstances; or, in other words, that all reasonable precaution shall be taken during its performance, to the end that third persons may be effectually protected against injury. This rule is applicable to work dangerous to persons using streets or other public ways. In *Hearst's Chicago Am.* v. *Spiss*, 117 Ill. App. 436, it was held that where the owner had unlawfully suspended a sign over a street he could not escape liability by invoking the doctrine of independent contractor. See also *Loth* v. *Columbia Theatre Co.*, 197 Mo. 328, a case involving liability for injury by the fall of an illuminating sign, and *McHarge* v. *Newcomer*, 9 L. R. A. (N. S.) (Tenn.) 298, a case involving liability for injury to a pedestrian by an awning. In both of these cases the defense of independent contractor was not sustained.

Weybosset street is one of the busy streets in the city of Providence and every business day thousands of pedestrians walk on the sidewalk beneath defendants' sign. Defendants could not project their sign over the sidewalk without a special permit. To obtain the permit they agreed, and the permit was issued on the condition, that the sign should be kept in good repair and at all times maintained in safe condition. The obligation imposed upon the defendants by the ordinance, and assumed by them, to thus keep and maintain the sign could not be delegated by them to an independent contractor so as to relieve them from liability for not maintaining the sign at all times in good repair and safe condition.

We have frequently held that a verdict should not be directed for the defendant if upon a reasonable view of the evidence, the jury could have found for the

plaintiff.   Under the testimony in this case the jury could
have found that the contractor constructed and erected the
sign in accordance with his agreement.   If so, and plaintiff's
injuries resulted directly from the act which the contractor
was authorized to do, the doctrine of independent contractor
would be of no avail for defendants.   Or the jury could have
found that the sign as constructed was inherently or in-
trinsically dangerous and that defendants did not take
reasonable precautions to protect pedestrians from injury
on account of the erection or maintenance of the sign.   It
appeared that the colored glass hoods were snapped over
the electric light bulbs and held in place by spring clips
inside the hoods.   The hoods depended for their support
upon the bulbs and if the bulbs broke the hoods would fall
to the sidewalk.   Testimony was introduced that safer
construction would have been to have had sockets on the
sign into which the hoods could have been screwed.   It did
not appear why netting or some other contrivance was not
placed at the bottom of the sign to prevent the hoods from
falling to the sidewalk.   Neither did it appear that any
warning was given to pedestrians when the sign was about
to be tested.   Upon the law and the testimony we are of
the opinion that the case should have been submitted to the
jury on the issues presented.

The court erred in directing a verdict for the defendants
and plaintiff's exception thereto is sustained.   The case is
remitted to the Superior Court with direction to grant a
new trial.

*Curran, Hunt, Gainer & Carr, Patrick P. Curran, Harold
R. Semple,* for plaintiff.

*Frederick A. Jones,* for defendant.