JOSEPH P. MEROLA, RESPONDENT, v. HOWARD SAVINGS
INSTITUTION, IMPLEADED, ETC., APPELLANT.

Argued October 28, 1931—Decided May 16, 1932.

For the appellant, *Corwin Howell* (*Frederick Frelinghuysen, Jr.,* on the brief).

For the respondent, *Joseph Coult.*

The opinion of the court was delivered by

PARKER, J. The complaint was in nine counts, but all except the first and fifth were abandoned at the trial. The suit arose out of the facts that the savings institution, owning a lot of land adjoining plaintiff's building, contracted with one Howie, a competent contractor, to excavate its lot for the foundation of a new building; that such excavation was for

a depth of approximately nine feet below the curb level; that as a result of doing that work, as the jury evidently found, the adjoining wall of plaintiff's building settled and damage resulted. The first count was based on the statute of 1871 (*Comp. Stat.*, *p.* 3926, *pl.* 1; title amended in *Pamph. L.* 1909, *p.* 201), the language of which is as follows: "That whenever excavations hereafter commenced, for building or other purposes, on any lot or piece of land, shall be intended to be carried to the depth of more than eight feet below the curb or grade of the street, and there shall be any party or other wall, wholly or partly on adjoining land, and standing upon or near the boundary line of such lot, the person causing such excavations to be made, if afforded the necessary license to enter on the adjoining land, and not otherwise, shall at all times, from the commencement until the completion of such excavations, at his own expense, preserve such wall from injury, and so support the same by a proper foundation that it shall remain as stable as before such excavations were commenced." This count charges the savings institution alone, as "the person causing such excavations to be made."

The fifth count sets up the contract of the savings institution with Howie, and alleges negligence by him in doing the work, to plaintiff's damage. This count is directed against Howie alone.

The jury found for the plaintiff as against the savings institution, and for the defendant Howie as against the plaintiff, and the savings institution appeals.

There are twelve grounds of appeal, and all are urged for reversal; but as they were grouped under four points in the brief and at the argument, it is convenient to deal with them similarly at this time.

Point 1 is stated thus in the brief: "Howie, as an independent contractor, was liable under the statute [if there was liability] and the bank was not liable." This is argued in several aspects; but they all cluster around the proposition that when the statute uses the language "the person causing such excavations to be made" it must be construed to mean

the contractor when the owner lets out by contract the work of making the excavation: and that in this case the statutory duty is laid on Howie, the contractor, and the owner by contracting with him escapes all responsibility in the premises. To this view we cannot give our assent. Apart from other reasons, we are clear that an owner by engaging a contractor to dig on his land a hole of stated dimensions and depth is himself "the person *causing* such excavation to be made:" for without his employment of the contractor there would be no excavation. This is the view taken by the Court of Appeals of New York touching a statute of that state couched in precisely the same language, passed in 1855, and from which our act was doubtless copied. *Dorrity* v. *Rapp*, 72 *N. Y.* 307. The case was decided after the New Jersey enactment of the statute in 1871 and hence the rule that in taking over a statute we take also the construction put upon it by its home courts, does not apply; but we agree with the view of the New York court in the Dorrity case, and follow it.

Nor does the rule of independent contractor protect the appellant. The general doctrine relating to employment of an independent contractor in cases where the work is not in itself a nuisance is well understood and needs no discussion here; but there are several exceptions to the rule, and one of them is that where the duty to the public or to an individual is imposed on a party by statute or ordinance, that party cannot escape liability by delegating the work to an independent contractor (39 *C. J.* 1337, and cases cited; *Blount* v. *Tow Fong* (*R. I.*), 138 *Atl. Rep.* 52; *Newman* v. *Pasternack*, 103 *N. J. L.* 434, 438), in which this very statute was involved. The duty of support, where license to enter has been given (as in this case, of which more presently) is an absolute one, and the question whether care has been used is, so far as the statute is concerned, wholly irrelevant. *Hirschberg* v. *Flusser*, 91 *N. J. L.* 66; *affirmed*, 92 *Id.* 515. The duty being imposed by statute, cannot be delegated by the party on whom it is imposed, and that being so, the independent contractor feature is no part of the case. *Hussey* v. *Long Dock Railroad Co.*, 100 *N. J. L.* 380.

The recent cases of *Tooker* v. *Lonky,* 106 *N. J. L.* 110, and *Messina* v. *Terhune, Ibid.* 119, are cited, but are not in point. The first turned on an act of trespass; the second on alleged negligence. In the latter case, on page 124, it was pointed out that no absolute duty of support was involved.

It is argued that "to say the excavating owner is inevitably liable results in a *reductio ad absurdum."*

This is put on two grounds. The first will be disposed of presently in connection with the matter of license mentioned in the statute. The second reads as follows: "Suppose A leases land to B for a term of fifty years, and by the terms of the lease B is obligated to erect a twenty-story new building after ten years have elapsed, which building shall be the property of A subject to the terms of the lease. Can it be said that A, the owner, is the 'person causing the excavation to be made;' or, if the excavation goes below eight feet, that A is under an absolute and non-delegable duty to preserve the adjoining wall? We submit that B, the lessee, or his independent contractor, if he had one, would be the person charged with the duty."

No such case is before us: but it would seem that if the owner of the fee lays another person, whether tenant or contractor, under a contractual obligation to excavate on that owner's land to the possible danger of a building on adjoining land protected by this statute, such owner assumes the risk incident to that obligation. A mere privilege to the tenant, without any obligation, would probably be a different matter; but there is no tenant in this case, and no final decision on that situation is intimated.

The next main point is that the "license" to enter on the adjoining land was extended to Howie and not to the bank. But this would seem to be a mere juggling with words. The language of this stipulation of facts, which counsel have elected to substitute for a transcript of the evidence (and apparently without any supervision or correction by the trial judge), reads as follows:

"The plaintiff, who was present and inspected Howie's work from time to time, gave him permission to go upon

plaintiff's property and do whatever might be necessary to properly protect and preserve plaintiff's building; but no such permission was given to anyone but Howie."

This, as we read it, means that the bank was "afforded the necessary license to enter on the adjoining land." Just how the bank corporation could itself so enter and shore up a building or otherwise protect it is not suggested. Of course it entered by its agent: and the license to that agent answered the statute.

The third main point seems to need no specific discussion in the light of what has been already said. It was immaterial whether or not the bank exercised supervision or control over Howie.

The fourth and last point is that there was error in charging the jury, in substance, that according to the view they might take of the evidence, they could find a verdict against the bank without finding against Howie, but if they found against Howie they must find against the bank also. This was correct. On the record the bank was charged as liable by statute; but against Howie the sole charge was negligence. If Howie were found negligent, it necessarily followed that the bank's duty to keep the wall intact had not been performed. On the other hand, had Howie worked ever so carefully and the wall still settled, the bank remained liable by the statute, but Howie being guiltless of the only charge brought against him—negligence—would be properly acquitted.

We conclude that the judgment should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.