No. 31,008.

Thelma Bernice Brownrigg, by Her Father, John T. Brownrigg, as Next Friend, *Appellee,* v. The Allvine Dairy Company, *Appellant* (Daniel Carroll and Fred C. Allvine, *Defendants*).

(19 P. 2d 474.)

Opinion filed March 11, 1933.

*Arthur J. Stanley* and *Arthur J. Stanley, Jr.,* both of Kansas City, for the appellant.

*D. V. Downs,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages arising from an automobile accident.

The petition alleged facts concerning the accident, and that the defendant, Carroll, driver of the automobile truck involved, was the employee and agent of the defendant, the Allvine Dairy Company. The verified answer of the last named defendant put the employment and agency in issue. Trial was had and, after plaintiff rested, the defendants, the Allvine Dairy Company and Fred C. Allvine, entered their demurrer on the ground that no cause of action had been proved. This demurrer was overruled as to the Allvine Dairy Company, and error is assigned on account of such ruling. Thereafter the trial proceeded, and after each party had closed, the defendant, the Allvine Dairy Company, requested a peremptory instruction for a verdict in its favor, which motion was denied, and

error is assigned on account of such ruling. The matter was then submitted to the jury, which returned its general verdict in favor of the plaintiff and against the defendants Carroll and the Allvine Dairy Company, and answered special questions submitted. Thereafter the Allvine Dairy Company filed its motions for a new trial and for judgment notwithstanding the verdict, which motions were denied, and error is assigned by the Allvine Dairy Company on account of these rulings.

In connection with appellant's demurrer to plaintiff's evidence, it is urged that there was no evidence that the defendant Carroll was the employee or agent of the appellant, but it is contended that such evidence as bore upon the question showed Carroll to be an independent contractor. A summary of plaintiff's evidence shows the Allvine Dairy Company buys milk in Wyandotte and Leavenworth counties and sells same in Kansas City, Kan.; that F. C. Allvine is president and controls the routing of the wholesale routes, but not the retail; that on the sides of the trucks used is the name "The Allvine Dairy Company" and the permit number and telephone number, and that the name of the driver also appears on the doors of the independent trucks; that Carroll owned his own truck; and that Carroll does not have any route or district but sells milk wherever he wants to; that the bottles carry the label of the Allvine Dairy Company. Allvine's testimony, which is not disputed, is, in part, as follows:

"I have no jurisdiction at all over the retail men. In other words, all we do to them we bottle the milk, and sell it to them, and they pay cash for it and they—pay cash for it every day, and they can do what they please with it. They build up their own routes, and do their own soliciting."

And further:

"Delivery or collection or solicitation, or anything, I have nothing to do with it. They pay me cash for the milk every day."

Allvine further testified that he knew Carroll, who owned a Dodge truck which he was using on March 26, 1931 (date of the accident); that he sold Carroll milk, but he did not tell him where to take the milk, where to go with it, nor what territory to cover; that the only control he had over Carroll or his truck was to make him pay for his milk; that this was the situation on March 26, 1931, and had been for seven or eight years. There was no other evidence tending to show Carroll's agency for the Allvine Dairy Company,

except that of the policeman Delich, who saw the accident, and stated—

"And as she was waiting there, a fellow got in an Allvine dairy truck and as he was in the truck the lady got down on the street, waiting for traffic to go by, and she was there about three or four seconds and the fellow in the Allvine dairy truck backed into her."

and that the driver said his name was Dan Carroll.

Whether Carroll was the agent or servant of the Allvine Dairy Company or whether Carroll was an independent contractor depends on whether the dairy company retained the right of general control and management of the work, or whether the dairy company left the choice of means and methods to Carroll. If the former, Carroll was the servant and agent of the dairy company, and if the latter, he was an independent contractor. If Carroll was the servant and agent of the dairy company, it is responsible for his negligence under the circumstances of this case, but if Carroll was an independent contractor, then the dairy company is not so liable.

In *Laffery v. Gypsum Co.*, 83 Kan. 349, 111 Pac. 498, this court said:

"The general rule, variously stated, is that when a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligence or improper execution of the work by the contractor." (Citing cases.) (p. 354.)

In *Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120, paragraphs 1 and 2 of the syllabus recite:

"When a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligent or improper execution of the work by the contractor.

"An independent contractor generally is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work."

And in the latter case of *McCraner v. Nunn*, 129 Kan. 802, 804, 284 Pac. 603, this court said, after reviewing the testimony:

"No control of any kind was exercised by the defendants. Under the facts, about which there is no material dispute, Jones cannot be regarded as the agent or employee of defendant, but must be held to be an independent contractor."

See, also, 2 C. J. 424 (Agency § 10) and 39 C. J. 37, 38 (Master and Servant, § 8).

Appellee asserts, however, that agency may be shown by circumstantial evidence, and that use of the company's name, permit number and telephone number, and the sale of milk bearing the company's caps raises a presumption of agency sufficient to go to the jury, regardless of Allvine's testimony. It was held in *Tice v. Crowder*, 119 Kan. 494, 240 Pac. 964, that proof of ownership does not raise a presumption of liability, and in *Halverson v. Blosser*, 101 Kan. 683, 168 Pac. 863, that a *prima facie* case was not made out by plaintiff's showing defendant's ownership of the automobile which caused the injury, where the evidence offered by him in the same connection showed that at the time of the injury the automobile was being used in the business of the borrowers and not that of the owner, and that, in the absence of evidence, a fact may be presumed from the existence of other facts and circumstances, but where there is direct and positive proof of the fact, there is no room for the presumption.

It follows that Carroll was an independent contractor and was not the servant or agent of the Allvine Dairy Company, and that, therefore, the demurrer of the dairy company to the evidence of the plaintiff should have been sustained. In view of this conclusion, it is not necessary to comment on the other assignments of error.

The decision of the trial court overruling the demurrer of appellant to the evidence produced by the plaintiff is reversed, and the cause is remanded with instructions to sustain the demurrer and enter judgment for the appellant, the Allvine Dairy Company.