AUGUSTA M. REARDON AND EDWARD REARDON, PLAIN-
TIFFS-APPELLANTS, v. THE BOROUGH OF WANAQUE,
A MUNICIPAL CORPORATION, DEFENDANT-RESPOND-
ENT.

Argued May 5, 1942—Decided September 1, 1942.

Before Brogan, Chief Justice, and Justices Parker and
Porter.

For the plaintiffs-appellants, *J. Chester Massinger* (*Martin
Kimmel,* on the brief).

For the defendant-respondent, *Harry L. Schoen.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of nonsuit ordered on plaintiff's opening statement to the jury by the Common Pleas Court of Passaic County on motion of the defendant, the Borough of Wanaque.

The question in the case is whether a municipality is liable for the affirmative negligence of workmen supplied by a federal agency known as the Works Progress Administration (W.P.A.), engaged in a work of public improvement in the municipality. These workmen were putting in a curb, along Mullen Avenue, a public street in the borough, at the instance of the municipality and in the course of the work excavated a trench which was left unguarded at night, with the result that the plaintiff, Mrs. Reardon, fell into the trench and was injured.

For such acts of affirmative negligence, amounting to a nuisance, a municipality under normal conditions is answerable and the doctrine of *respondeal superior* applies. *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90; *Hammond* v. *County of Monmouth,* 117 *Id.* 11, 14; 186 *Atl. Rep.* 452; *Fisher* v. *Nutley,* 120 *N. J. L.* 290, 292; 199 *Atl. Rep.* 40.

Unless, therefore, the fact that the work was being done for the borough as a W.P.A. project absolves the borough from liability, the opening by the plaintiffs' counsel stated a cause of action and the nonsuit was, consequently, erroneous.

This action was started against the Borough of Wanaque and one Paul Cofrancisco. The action against the latter was eliminated at the trial because he had been called for service in the army. The improvement was being made on Mullen Avenue, in the Borough of Wanaque, a public street under the control and supervision of the borough.

In the opening to the jury the following were the facts which counsel for plaintiffs stated he was ready to prove:

That on July 18th, 1938, a resolution was passed by the governing body of the municipality authorizing the curbing of Mullen Avenue, and on September 30th a resolution was adopted that application be filed with the W.P.A. for a "project" to cover the work; that subsequently a resolution was adopted that the engineers of the municipality be

instructed to include the curbing of Mullen Avenue "as a Borough project;" and that on January 11th, 1939, a further resolution was adopted which stated that the W.P.A. had approved the project, and thereupon it was approved "for operation" by the governing body. It was further stated that the work to be done under the project was started and carried on, with part of the material and part of the cost of construction to be paid for by the municipality, and the balance to be paid by the federal agency; that the borough paid twenty per cent. of the total cost of the work, and that in the application to the W.P.A. for the project it was stated by the governing body that "the sponsored project will be superintended by our R. Lowe, Borough Engineer." Counsel also stated to the jury that he intended to show that, to some extent at least, the work was supervised by borough engineers, Messrs. Lowe and Scanlon; that the trench was dug on the easterly side of Mullen Avenue and that there was no warning that an excavation existed in this immediate area.

Counsel for the defendant also opened to the jury, saying, among other things, that the question in the case was one of control; that the hiring was done by the W.P.A.; that the dismissal of workmen was also under its jurisdiction and that, therefore, the federal agency had control of the work. It was upon this theory that the court granted the motion for nonsuit.

For the purposes of a motion of this character the statements made by the moving party, against whom the motion is advanced, are to be taken as true, together with any legitimate inferences that reasonably appear.

It appears from a reading of the opening made by plaintiffs' counsel that he made the following statements:

First, that the borough planned and authorized the work;

Second, that the borough in its application for W.P.A. assistance stated that the project would be superintended by its engineer;

Third, that to some extent at least, the work was supervised by the borough engineer; and

Fourth, that the borough had the responsibility under the

law for maintaining and repairing the public highway within its confines.

The court granted the motion for nonsuit, saying that, under the circumstances outlined, the fact that the borough made the application to the federal agency and sponsored the project raised no contractual relationship, either as agent or as independent contractor, and that the federal agency was not subject to suit without its consent. This latter statement is, of course, true but immaterial because suit was brought not against the federal agency, but against the municipality upon the theory that the negligence of the workmen, who, as plaintiff said in the opening, worked under the direction of the engineer of the borough, amounted to affirmative wrongdoing.

Now, if the borough had actual control of the work or was privileged to control the manner in which it was done, regardless of whether or not it paid the salaries of the workmen, it would be liable; and this would be so upon the theory that the manner in which the work was done created a nuisance for which the municipality would be answerable at the suit of one who had suffered damage. Nor does it alter the situation whether or not the federal agency was regarded as an independent contractor. If a duty under performance be imposed upon the municipality by statute or ordinance that duty may not be avoided by delegating the work to an independent contractor. Certainly a municipality has the duty of maintaining the public highway, and even though the independent contractor be performing the work without supervision nonetheless he is acting with the assent of the corporation and is exercising the chartered power or privilege of the municipality. In this situation the municipality is answerable for his active wrongdoing. This rule is very fully set forth is 26 *Cyc.* 1562; *Cf. Karpinski* v. *South River,* 85 *N. J. L.* 208.

The rule is also well stated in 43 *C. J.* 949, § 1725, as follows:

"Liability of the municipality in the case of nondelegable duties is especially applicable where injuries are caused by acts of contractors in performing work requiring excavations

or obstructions in streets." *Cf. Merola* v. *Howard Savings Institution,* 109 *N. J. L.* 37, 39; 160 *Atl. Rep.* 416; *Cochran* v. *Public Service Electric Co.,* 97 *N. J. L.* 480; 117 *Atl. Rep.* 620; *Fredericks* v. *Dover,* 125 *N. J. L.* 288, 290; 15 *Atl. Rep. (2d)* 784.

The opening statement of plaintiffs' counsel in our judgment outlined a *prima facie* case. This being so, the trial court erred in granting defendant's motion for nonsuit on the opening.

Judgment will be reversed, and costs will abide the event.