No. 41,477

EDWARD REILLY, *Appellant*, v. JAMES HIGHMAN, *Defendant*, and GEORGE W. LAWRENCE, *Appellee*.

(345 P. 2d 652)

Opinion filed November 7, 1959.

*John A. Bausch*, of Topeka, argued the cause, and *L. M. Ascough* and *C. K. Sayler*, both of Topeka, were with him on the brief for the appellant.

*James W. Paddock*, of Lawrence, argued the cause, and *Charles D. Stough*, of Lawrence, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from an order sustaining a demurrer to a petition in an action for damage to an automobile.

Defendent Lawrence lives on Louisiana Street in Lawrence. Defendant Highman was engaged in removing a tree from Lawrence's yard. It fell into the street just as plaintiff's son drove by in plaintiff's automobile. It struck the car causing damage. Plaintiff sued both Lawrence and Highman.

Because of the question involved, the petition, omitting formal parts, is set out in full:

"Comes now the plaintiff and for his cause of action alleges:

"1. That he is a resident of Leavenworth County, Kansas and resides at Leavenworth, Kansas; that the defendant James Highman is a resident of Douglas County, Kansas and resides at 1047½ Delaware Street, Lawrence, Kansas; that the defendant George W. Lawrence is a resident of Douglas County, Kansas, and resides at 2101 Louisiana Street, Lawrence, Kansas.

"2. That at all the times hereinafter mentioned the plaintiff was the owner of a 1956 Mercury car.

"3. Plaintiff states that on May 8, 1957, the defendant Highman was engaged in removing trees from the front yard of the premises owned by the defendant Lawrence at 2101 Louisiana Street in Lawrence, Kansas. Plaintiff further states that about 2:45 P. M. on said day his son was driving plaintiff's

car west on Louisiana Street and that as he was driving past the Lawrence premises, the defendant Highman, his agents and employees felled a tree in the front yard of the Lawrence premises and said tree fell out into Louisiana and onto the passing car of the plaintiff, causing severe damage to plaintiff's vehicle.

"4. Plaintiff states that the proximate cause of the accident and damage to plaintiff's vehicle was due to the negligence of the defendant Highman in the following respects:

"(a) Failing to have men or road signs out on Louisiana Street so as to warn passing motorists and the plaintiff's driver in particular, of the danger.

"(b) By causing said tree to fall into the street when he knew or should have known it would strike plaintiff's passing vehicle.

"(c) Failing to use sufficient men and equipment so as to fall said tree away from the street instead of into it, when they knew or should have known it would strike plaintiff's vehicle.

"5. That because of the intrinsically dangerous work, to wit: removing and falling large trees right near the public streets the owner of the premises, the defendant Lawrence, was obligated to see that said work was carefully performed and because of the fact that said work was not carefully performed in a workmanlike manner, defendant Lawrence is also liable to this plaintiff for the negligence of the defendant Highman.

"6. That as a result of the negligence of the defendants, plaintiff's vehicle was damaged in the amount of $269.39.

"WHEREFORE, the plaintiff prays for judgment against the defendant for $269.39 and costs."

Defendant Lawrence demurred to the petition on the ground it failed to state a cause of action as to him.

This demurrer was sustained and plaintiff was given fifteen days in which to amend. Instead of amending he has appealed.

The record is silent as to any pleadings being filed by defendant Highman, and he is not a party to this appeal.

Prior to filing the demurrer defendant Lawrence filed a motion to require plaintiff to make paragraph 5 of the petition more definite and certain in several respects. This motion was overruled without argument. Later, when ruling on the demurrer, the trial court filed a written memorandum which indicated that upon further consideration it was of the opinion the mentioned motion should have been sustained, and therefore paragraph 5 of the petition was to be strictly construed.

Notwithstanding, and irrespective of the contentions of the parties regarding application of the so-called "strict versus liberal construction" rule—which, we pause to note, seems to be greatly "overworked" in most cases—the real question is whether this petition states a cause of action against defendant Lawrence, the owner of

the premises from which the tree was being removed by defendant Highman.

As noted by the trial court, and we think it will be conceded, Lawrence could be obligated, if at all, only in the event he had employed Highman in some capacity to remove the tree. For all the petition alleges, Highman may have been an employee of the city engaged in removing a diseased tree, or, for that matter, may have been a trespasser. The petition of course "assumes" some sort of employment relationship between Lawrence and Highman, but that is as far as it goes.

In his brief plaintiff concedes the petition does not allege the relationship of agent, servant or employee, but contends it does allege that of employer and independent contractor—that is, Lawrence was the contractee and Highman the contractor. We will, for purposes of discussion, assume that such is the fact.

The rule respecting liability to third parties for damage or injury resulting from negligence of the contractor is well settled.

In 57 C. J. S., Master and Servant, § 584, p. 353, it is said that the general rule is that a contractee is not liable for the torts or negligence of his contractor of his contractor's servants.

In 27 Am. Jur., Independent Contractors, § 27, p. 504, it is said that the general rule is that an employer is not liable for the torts of an independent contractor or the latter's servants.

See also the annotation at 18 A. L. R. 801.

There are a number of exceptions to the rule—one of which is that an employer is liable for injuries caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is "inherently or intrinsically dangerous." (27 Am. Jur., Independent Contractors, § 39, p. 517; 57 C. J. S., Master and Servant, § 590, p. 359, and see the annotation at 23 A. L. R. 1084.)

This court's decisions are in accord with both the rule and mentioned exception.

In the leading case of *Laffery v. Gypsum Co.*, 83 Kan. 349, 111 Pac. 498, 45 L. R. A. (NS) 930, Ann. Cas. 1912A 590, it was held:

"The general rule is that when a person lets out work to another, the contractee reserving no control over the work or workmen, the relation of contractor and contractee exists, and not that of master and servant, and the contractee is not liable for the negligence or improper execution of the work by the contractor." (syl. 1.)

"To the foregoing rule there are many exceptions and limitations, one of

which is that an owner, or a contractee, is responsible for injuries to a third party, caused by work done by an independent contractor, where the contract directly requires the performance of work intrinsically dangerous, however skillfully done." (syl. 2.)

The rule of the Laffery case has been recognized and adhered to in numerous later decisions. We mention but a few—*Nelson v. Cement Co.*, 84 Kan. 797, 115 Pac. 578; *Pottorff v. Mining Co.*, 86 Kan. 774, 122 Pac. 120; *Laffery v. Gypsum Co.*, 92 Kan. 475, 141 Pac. 241 (second appearance of the case); *Brownrigg v. Allvine Dairy Co.*, 137 Kan. 209, 19 P. 2d 474, and *Smith v. Brown*, 152 Kan. 758, 761, 107 P. 2d 718.

Starting, then, with the premise as contended for by plaintiff—that the relationship of contractee and contractor is pleaded—application of the rule means that Lawrence, the contractee, would not be liable to plaintiff for the negligence of Highman, the contractor, unless the employment related to work which was inherently and intrinsically dangerous.

On the question of what type of work is or is not considered to be inherently or intrinsically dangerous, courts have found no rule of universal application by which they may abstractly draw a line of classification in every case. Generally speaking, the proper test is whether danger "inheres" in performance of the work, and important factors to be understood and considered are the contemplated conditions under which the work is to be done and the known circumstances attending it. It is not enough that it may possibly produce injury. Stated another way, intrinsic danger in an undertaking is one which inheres in the performance of the contract and results directly from the work to be done—not from the collateral negligence of the contractor. (27 Am. Jur., Independent Contractors, § 39, p. 518; 57 C. J. S., Master and Servant, § 590, b. (1), p. 361, and the annotation at 23 A. L. R. 1084, 1095.)

To the same effect is the Laffery case, above, where, in considering the test, it was held:

"The mere liability to injury from doing the work contracted for can not be the test, for injuries may happen in any undertaking, and many are attended with great danger if carelessly managed, although with proper care they are not specially hazardous." (syl. 3.)

"The intrinsic danger of the undertaking upon which the exception is based is a danger which inheres in the performance of the contract, resulting directly from the work to be done and not from the collateral negligence of the contractor." (syl. 4.)

So much for the basic rule and mentioned exception—in cases

where third parties are injured by the alleged negligence of an independent contractor.

The question here—assuming, for the sake of argument, the relationship of contractee and contractor is pleaded—is whether plaintiff has pleaded sufficient facts to bring himself within the exception relating to work inherently and intrinsically dangerous.

Paragraph 5 of the petition merely refers to "removing and falling large trees right near the public streets" as being "intrinsically dangerous work," which, standing alone, amounts to nothing more than a conclusion. The mere statement that doing a certain thing is "intrinsically dangerous" does not constitute a factual statement which justifies the conclusion. As was said in the Laffery case and other authorities cited above, an undertaking cannot be termed inherently dangerous merely because it may *possibly* produce injury—rather, the intrinsic danger of the work upon which the exception is based is danger which *inheres* in its performance resulting directly from the work to be done, and not from the negligence of the contractor.

Our code (G. S. 1949, 60-704) provides that a petition must contain a statement of the *facts* constituting the cause of action in ordinary and concise language. In *Preston v. Shields,* 159 Kan. 575, 156 P. 2d 543 (syl. 1), it was held that it is the duty of the pleader to state the premises in clear and concise language, and that it is the province of the court to declare the conclusions.

With respect to the point here involved, allegations of the petition are clearly insufficient to state a cause of action against defendant Lawrence and his demurrer was properly sustained.

The judgment is affirmed.