MIGUEL MORALES MUÑOZ and FLOR MARÍA CRUZ, Plaintiffs and Appellees, and Appellant the former, *v.* JULIÁN CASTRO ET AL., Defendants and COMMONWEALTH OF PUERTO RICO, HEIRS OF HÉCTOR A. PIÑERO and XAVIER ZEQUEIRA, Defendants and Appellants.

Nos. 94, 95, 96. Decided April 30, 1962.

276

*Emilio de Aldrey* for the Heirs of Héctor A. Piñero and Xavier Zequeira, defendants and appellants, in case No. 94. *Luis Blanco Lugo* and *Angel Cruz Cruz* for Miguel Morales Muñoz, plaintiff, appellee, and appellant in case No. 95. *Fran-*

*cisco Espinosa, Acting Secretary of Justice, Arturo Estrella* and *Jorge Ruiz Rivera, Assistant Secretaries of Justice,* for the Commonwealth of Puerto Rico, defendant and appellant in case No. 96.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The judgment appealed from holds liable the Commonwealth, contractors Xavier Zequeira and Héctor A. Piñero,[1] in charge of the construction of a highway, and Ramón Castro Quiñones, driver of the automobile in which the plaintiffs were traveling, for damages caused to the latter as a result of an accident which occurred at kilometer 15.5 of state highway No. 3. The contractors were in charge of the construction of two contiguous portions of that highway, and the accident occurred precisely where the portion in charge of one of them ended and the portion in charge of the other commenced.

The trial judge determined that there was no watchman at the scene of the accident to warn of the danger, "nor was there any sign before reaching the detour announcing proximity . . ." nor "any warning light . . . despite the fact that a few nights before there had occurred . . . an automobile accident because of lack of warning lights." He also determined that the night was rainy, that it was foggy around the scene of the accident, and that the automobile occupied by the plaintiffs was traveling at a speed of not less than 60 miles per hour.

The trial judge then concluded that "the combined negligence of the Commonwealth and of the contractors and of codefendant Castro Quiñones was the proximate cause of the damages sustained by the plaintiffs, since there is a reasonable possibility that the accident would not have occurred in either of the two ways incompatible with the combined negligence:

---

[1] Defendant Piñero was substituted by his heirs.

(1) if at the obstruction and detour there had been sufficient warning lights even though the automobile had been driven at a negligent speed; and (2) if the automobile had been driven at a reasonable speed, even though there was no warning light at the scene."

They appealed to this Court on separate petitions which were afterwards consolidated: the Commonwealth, in the belief that since it had a contract for the construction of the highway with private contractors, the latter were the only ones liable; the contractors, in the belief that, according to the finding of the trial court, the only one responsible was the operator of the automobile in which plaintiffs were traveling; and lastly, plaintiff Morales Muñoz, who was not satisfied with the amount of compensation allowed.[2] The finding of the trial court on the cause of the accident is not challenged.

## I

In determining the Commonwealth's liability, the trial judge concluded, as a matter of law, that "it is liable for injuries occurring through want of sufficient protection to the traveler on public highways. 3 L.P.R.A. § 422. The obstruction and the detour [where the accident occurred] were inherently dangerous. Therefore, the Secretary of Public Works could not shirk the Commonwealth's responsibility by delegating it on contractors Zequeira and Piñero."

The Commonwealth's liability issues from the provisions of § 404 of the Political Code, 3 L.P.R.A. § 422, which reads as follows:

"The Commonwealth of Puerto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon a Commonwealth highway in charge of the Department of Public Works, except

---

[2] The driver of the automobile in which the plaintiffs were traveling did not appeal from the judgment rendered. The petition filed by the contractors challenges the amount awarded to plaintiff Flor María Cruz, a question which we will discuss when considering the compensation awarded to Morales Muñoz.

where it shall be proven that such defects were caused by violence of the elements and that there had not been ample time in which to repair them."

In applying the aforesaid precept, we said in *Rivera* v. *People*, 76 P.R.R. 378 (1954), that its provisions did not make the Commonwealth the guarantor of the security of the persons using the public highways, but we affirmed that "The People is liable for damages to persons or property occurring through defect, want of repair or sufficient protection to the traveler using the public means of communication, except where it shall be proved that the defects were caused by violence of the elements and that there had not been ample time to remedy them."

The Commonwealth admits the law as it is stated, but it maintains that since it entered into a contract with Piñero and Zequeira it is not responsible for the occurrence. It challenges the determination of the trial court to the effect that the work performed was "inherently dangerous," a doctrine invoked by the trial court for holding the Commonwealth liable.

Ordinarily, the person or entity who contracts with another person for the construction of some work is not liable for the damages caused by the contractor unless, among other things, the work is "inherently dangerous." *Blue Ridge Rural Electric Cooperative* v. *Byrd*, 264 F.2d 689 (4th Cir. 1959); *American Telephone and Telegraph Co.* v. *Leveque*, 173 N.E.2d 737 (Ill. 1961); *Reilly* v. *Highman*, 345 P.2d 652 (Kan. 1959); *Ducey* v. *Springfield Co-operative Bank*, 170 N.E.2d 356 (Mass. 1960); *Majestic Rlty. Associates, Inc.* v. *Toti Contracting Co.*, 153 A.2d 321 (N.J. 1959); *Janice* v. *State*, 107 N.Y.S.2d 674 (1951); Restatement, Torts, § 416 (1934). However, this general doctrine does not apply when the contracting entity has the obligation, as does the Commonwealth in this case, to cause "the Commonwealth roads in its charge to be kept in good condition," § 403 of the Political Code, 3 L.P.R.A. § 421, and shall be liable for the

injuries occurring "through a defect, or want of repair, or of sufficient protection." In these cases the contracting of the work to be performed by a third person does not release it from the liability imposed by law, and the question whether the work is "inherently dangerous" does not come into play. Such obligation is nondelegable. In Restatement, Torts, § 418 (1934), the rule is stated as follows:

"(1) A municipality or public utility which entrusts to an independent contractor the construction, maintenance or repair of a highway, which it is under a common law or statutory duty to maintain in reasonably safe condition for the use of the public, is subject to the same liability for bodily harm to persons using the highway while it is held open for travel, caused by the negligent failure of the contractor to make the highway reasonably safe for travel, as though the municipality or utility had retained the construction, maintenance or repair of the highway in its own hands." [3]
See *Reel* v. *City of South Gate*, 340 P.2d 276 (Cal. 1959); *Schlinski* v. *City of St. Joseph*, 156 S.W. 823 (Mo. 1913); *Reardon* v. *Borough of Wanaque*, 28 A.2d 54 (N.J. 1942); Annotations, 25 A.L.R. 426; 52 A.L.R. 1012; 27 Am. Jur., Negligence, § 50.

■ It is reasonable that it should be so. The security of those traveling on the public highways is of prime importance. If the law imposes on the Commonwealth the duty to look after the security of the pedestrians, this duty should subsist at all times, and it should see that the contractors adopt the necessary safety measures to prevent accidents.

---

[3] The following draft submitted to the American Law Institute for consideration at its meeting of May 17–20, 1961, represents a more adequate statement of the law.

"One who is under a duty to construct or maintain a highway in reasonably safe condition for the use of the public, and who entrusts its construction, maintenance or repair to an independent contractor, is subject to the same liability for physical harm to persons using the highway while it is held open for travel during such work, caused by the negligent failure of the contractor to make it reasonably safe for travel, as though the employer had retained the work in his own hands." Restatement, Torts, § 418, and comments (Tentative Draft No. 6, 1961).

Hence, it is unnecessary to determine whether the case is one in which the liability for "inherently dangerous" work comes into play, since the Commonwealth's liability subsists. independently of this circumstance.

## II

In their petition the contractors maintain that according to the finding of the trial judge to the effect that the vehicle in which the plaintiffs were traveling was driven at a speed in excess of 60 miles per hour, the driver of such vehicle is the only one responsible for the accident, and that the fact that there were no lights nor warnings at the scene of the accident does not render the contractors liable. The appellants are not right. The trial court determined that the concurrent negligence was the proximate cause of the accident. This conclusion is correct. The fact that the automobile occupied by the plaintiffs was driven at 60 miles does not warrant the conclusion that its driver was the only one negligent and that that was the proximate cause of the accident. Despite the fact that the operator of the automobile was driving at an excessive speed, he could have slackened the speed sufficiently in advance to prevent the accident if the warnings had been placed at the distance required by the General Conditions for the Contracting of Public Works in force, namely, at 150 meters, which is more than 490 feet. 22 R.&R.P.R. § 46–223.[4] The trial court used the data appearing in the table published in 9C BLASHFIELD, Cyclopedia of Automobile Law and Practice 413, § 6237, and its application has not been challenged in order to establish that the automobile occupied by the plaintiffs was driven at 60 miles per hour. According to that table, a car traveling at a

---

[4] The pertinent portion of these conditions provides that: "the warning signals shall be placed outside of the work under construction at a distance of 150 meters from each end, and of 150 meters in front of every place where the operations being performed obstruct the use of the road for traffic, including every intermediate point where the new work crosses and adjoins with the existing road."

speed of 70 miles per hour requires a stopping distance of 295 feet.[5] According to that same table, assuming that the brakes of the automobile involved in the accident were not in excellent working condition, there is a sufficient margin of security of more than 490 feet between the distance at which the warnings and lights should be placed and the distance of 295 feet required to stop a car traveling at a speed of 70 miles. It was therefore reasonable to conclude that if there had been lights the driver could have stopped the automobile and avoid the accident.

 The proximate cause of an accident may be due to the negligence of one or more of the parties involved. *Cruz et al.* v. *Frau*, 31 P.R.R. 87 (1922). If more than one was negligent and the accident was due to concurrent negligence, both parties are liable for the damages caused. *Prado* v. *Quiñones*, 78 P.R.R. 309 (1955) ; *Cole* v. *Escambrón Development Co.*, 73 P.R.R. 477 (1952) ; *García* v. *Government of the Capital*, 72 P.R.R. 133 (1951) ; *Rivera* v. *Great Am. Indemnity Co.*, 70 P.R.R. 787 (1950) ; *González* v. *White Star Bus Line, Inc.*, 53 P.R.R. 628 (1938) ; *Cubano* v. *Jiménez et al.*, 32 P.R.R. 155 (1923). That was precisely what happened in the case at bar, according to the determination of the trial judge. The accident was due to the combined negligence of the driver of the vehicle in which the plaintiffs were traveling—by driving it negligently at an excessive speed—and of the Commonwealth and the contractors—because of their failure to place the necessary barriers, signals, and lights to warn of the proximity of the danger.

As stated by the trial judge, the concurrence of both negligent acts was necessary for the accident to occur, for if the automobile had been driven at a moderate speed, even without the required signals and lights, the accident would not have occurred, nor would it have occurred if there had

---

[5] This table is computed on the basis of the average driver. Obviously, it should be accepted as proximate.

been lights and signals even if the automobile's speed had been excessive. It was the concurrence of both negligent acts that caused the accident.

Contractor Zequeira challenges the determination of the trial judge to the effect that on the date of the accident, early in the morning of December 26, 1955, the portion of the work in his charge had not been terminated. His contention is based on an official letter of the Department of Public Works setting forth that the work was accepted on December 22, 1955. The evidence shows, however, that subsequent to that date, until the following January 10, Zequeira still retained the work correcting certain defects which had been pointed out on the day of inspection, the said December 22, and that apparently, after the defects were corrected, the acceptance was made retroactive to the date of the inspection. The challenge is without merit.

### III

The contractors complain of the amount of compensation awarded to Flor María Cruz—$30,000. Miguel Morales Muñoz is not satisfied with the compensation awarded to him—$5,000.

The judgment appealed from concludes that Flor María Cruz "lost the right eye and suffered a wound extending from the bridge of the nose to the right cheek." She was hospitalized 15 days. She was divorced, was 38 years old, had two children, and was a seamstress. She wears an artificial eye. Prior to the accident she received income of $150 monthly, which was reduced to $40.

Morales Muñoz suffered a fracture of the tibia and right fibula. He was hospitalized during 10 days, was in a cast during eight months, and was disabled for work during seven months. He earned $100 monthly. He can not run nor engage in sports. At the time of the accident he was about 32 years old.

■ Considering all the circumstances, we believe that the compensation awarded to Flor María is adequate and reasonable since it includes not only compensation for sufferings and anguish experienced as a result of the accident, but it is intended as compensation for diminution of her earning capacity, bearing in mind that she has two dependents and is engaged in an occupation for which good vision is essential. We believe that the compensation allowed to Morales Muñoz is not reasonable. He was eight months in a cast, and as a result of the accident his ability to act as a normal person has been diminished, since he can not run nor engage in sports. His compensation should therefore be increased to the amount of $10,700. Judgment will be rendered accordingly.