## THE STATE EX REL. WILLIAM ECKHART
## v. J. W. HOFF ET AL.
### No. 292.

**1. De Facto Officers—Information.**

Officers of a town incorporated by special act May 22, 1871, were elected at a time not authorized by the act of incorporation. The elections were fair, and succeeding elections were held at the same wrong date. No corrupt intention nor disadvantage to the town from such administration of its offices was shown. The relator claims no right to either of the offices alleged to be illegally held. Under these conditions, the district judge had the discretion to deny leave to file the information, for the reason that its prosecution would be a public injury, while no private right was sought to be vindicated ................ ...................................... 299

**2. Judgment Affirmed if Rightly Rendered.**

It is the settled practice of this court not to disturb a judgment which has been rightly entered upon the facts of the case, although the trial judge may have given a wrong reason therefor. See example ................. 299

ERROR to Court of Civil Appeals for First District, in an appeal from De Witt County.

The opinion gives a sufficient statement.

*W. L. Davidson*, district attorney for Twenty-fourth District, and *Proctors*, for plaintiff in error, cited 1 Dill., secs. 194, 207; sec. 197, and note on p. 281; also sec. 838; 6 Am. and Eng. Encyc. of Law, 318; also 295, and note.

*R. A. Pleasants*, for defendants in error.—Respondents having been duly elected, at an election called by the authority of the de facto mayor of the town of Yorktown, are the de facto officers of such town; and in the absence of any charge or proof of unfairness, fraud, or want of notice of such election, are entitled to hold the respective

offices to which they were elected and to perform the duties of the same, unless their right to do so be contested by some one claiming a better title to same.   The State v. Dunson, 71 Texas, 65; Daniels v. Hutcheson, 22 S. W. Rep., 933; 1 Dill., 2 ed., secs. 107, 112; 6 Am. and Eng. Encyc. of Law, 318, 319; Colles v. Alerson, 23 Ill., 437.

BROWN, Associate Justice.—The Twelfth Legislature of Texas passed an act, entitled "An act to incorporate the town of York-town," which was approved May 22, 1871.   Yorktown was in De Witt County.

The first section of the act declared the incorporation of the town, the second described its limits, and the third empowered the Governor to appoint for said town a mayor and five aldermen, with other officers.   The following is a copy of the fourth section:

"Section 4.   That the offices of mayor and aldermen and constable and assessor and collector shall become elective from and after the next general election, and the first election shall be held under the direction of the presiding justice of De Witt County, after having given ten days' notice thereof, and annually afterwards under the direction of the mayor, at least ten days before the expiration of his term of office; and in case of death or resignation, the vacancy shall be filled by new elections ordered by the mayor; and in case the office of mayor shall be vacant, then the aldermen shall elect one of their own body to act as mayor until the next annual election, or they may order an election for mayor to fill the unexpired term, after giving ten days' notice of such election."

The Governor appointed a mayor, aldermen, and other officers for the town, in accordance with the third section of the act, and in November, 1872, an election was held at which officers were elected.   On the 8th day of December of that year the council, by ordinance, established the first Monday in the year 1874, and in each succeeding year, as the day for election of officers.   Elections were regularly held under this ordinance until 1880, after the adoption of the Revised Statutes, since which time the elections have been held on the day fixed in the general law for elections in cities and towns organized under that law. Respondents were elected in 1893 and again in 1894, at elections held in April of those years.

Under the third section of the act of incorporation, the Governor was authorized to appoint the officers of the town to hold their offices until the next general election.   The fourth section, as quoted, provided, that "from and after the next general election" the officers should become elective; that the first election should be held under the direction of the presiding justice of De Witt County, and "annually afterwards, under the direction of the mayor, at least ten days before the expiration of his term of office."   We think that the effect of these provisions was to fix the date of the general election as the time in each succeeding year for the election of such officers.   The law in force at

the time the act was passed fixed the first Tuesday after the first Monday in November of 1872, and biennially thereafter, as the time for holding the general elections; hence that day in November each year would be the proper time under this charter for holding the election for officers for the town.

Admitting that the election at which the respondents were chosen was held at a time when the law did not allow it to be so held, and for that reason the respondents have not a legal title to the offices, we think that there is a sound reason why the judgment of the District Court should be affirmed.

The act of the town council in fixing the first Monday in January as the time for holding elections was no doubt caused by a misapprehension of the meaning of the charter, which is not entirely free from doubt. The subsequent holding of elections on the day fixed by the general law for such elections in like corporations was perhaps the result of a belief that the general law applied to all towns. At any rate, it was followed up in good faith for years, and there is nothing to indicate that there was any willful disregard of the law or corrupt intention in so doing, nor any disadvantage resulting to the town. The respondents are de facto officers, with power to transact its business until another election can be had under the charter. If they should be removed under this proceeding, there would be no officer to discharge any of those duties, and no law under which another election could be had until the regular time fixed by the charter, which would cause a suspension of the functions of the corporation. The relator claims no right to hold either of the offices; his action is purely in the interest of the public; at least, it should be so.

Under this state of facts, the district judge had the discretion to deny leave to file the information, upon the ground that its successful prosecution would be a public injury without any private right in relator upon which to base his claim. The State v. Tolan, 33 N. J. L., 195; The People v. Keeling, 4 Colo., 129; The State v. Schnierle, 5 Rich. (S. C.), 299; Rex v. Dawes, and Rex v. Martin, 4 Burr., 2120; High Ex. Leg. Rem., p. 473; Mech. Pub. Off., sec. 484; 2 Dill. Mun. Corp., sec. 900.

It being within the discretion of the judge of the District Court to refuse the privilege of filing the information, it follows necessarily, that when granted improvidently the judge may, upon the hearing, refuse the relief sought, upon the same ground and for the same reasons that he could have denied the application to file the information.

It is the settled practice of this court not to disturb a judgment which has been rightly entered upon the facts of the case, although the judge may have given a wrong reason for his action.

In this case, as we have said, the relator claims no right in himself or another to exercise the powers conferred by law upon the respondents as officers of the town of Yorktown; he seeks simply to remove these officers, the effect of which would be to destroy the government

created by the Legislature for that town, until another election can be held. No conceivable good can result to the public from such a result, and, to the extent that such government preserves the peace and good order of the town, it would be a public calamity. Notwithstanding we might be inclined to hold the elections at which respondents were chosen illegal, we believe that it is not proper for this court to reverse a judgment which has evidently better served the public interest and carried out the legislative policy than would a judgment granting the relief sought; for which reasons, the judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*

Delivered June 3, 1895.