**STATE ex rel. THORNHILL et al. v. HUNT-SAKER et al. (No. 3253.)**

Court of Civil Appeals of Texas. Amarillo. April 24, 1929.

Robt. A. Sowder, of Lubbock, for appellants.

John H. Wood, of Amherst, for appellees.

JACKSON, J. The state of Texas, by her district attorney, Meade F. Griffin, upon the relation of M. E. Thornhill, Floyd Graves, H. R. Myers, R. L. Wagner, L. M. Williams, and C. M. Mathews, presented an application,

in writing, to Hon. Charles Clements, district judge of the Sixty-Fourth judicial district, asking for permission to file a petition or information in the nature of a quo warranto, for the purpose of having the court determine the validity of the incorporation of the town of Amherst, in Lamb county, Tex.

In the application, a brief statement is made of the allegations contained in the petition sought to be filed by the district attorney.

To the application was attached the petition to be filed, the allegations of which were to the effect:

That on the 19th day of January, 1925, on a proper petition and order of the county judge, an election was held to determine whether or not the unincorporated town of Amherst should be incorporated as provided by law for incorporating towns and villages under the commission form of government. That the petition for such election described the territory sought to be incorporated, and stated that such territory was intended to be used strictly for town purposes. That the election was in favor of the incorporation, and the result was properly declared by the county judge. That, as originally platted, before the attempted incorporation, the town of Amherst comprised less than 214 acres of land, which was subdivided into lots, blocks, streets, and alleys. That later, but before the attempted incorporation, there was made and filed by the owners of the land adjoining the original 214 acres a plat designated "Amherst Suburban Farms," which plat covered said 214 acres as originally platted and also the adjacent lands. That on three sides of and adjoining said original townsite the land was divided into 5-acre tracts, numbered from 1 to 31 inclusive. That the land surrounding and adjacent to said 5-acre tracts was divided into 23 tracts, numbered from 32 to 54 inclusive. The number of acres in each of said last-mentioned tracts was specifically alleged, and vary in size from 15 to 67 acres. That the territory attempted to be incorporated included all of said 5-acre tracts and all of the tracts numbered from 32 to 54, inclusive, except tracts 49, 50, and 51. That, exclusive of the original 214 acres and the 5-acre tracts, and tracts 49, 50, and 51, 787.91 acres of land were included within the corporate limits of the town of Amherst, as attempted to be incorporated.

That, prior to the election for said incorporation, the owners of the tracts numbered 32 to 48, inclusive, and tracts 52, 53, and 54, designated on the plat styled "Amherst Suburban Farms," sold and conveyed said tracts by deeds, each of which contains the following restriction: "The above tract of land shall not be subdivided before July 1, 1930."

That, although the petition for the election included the tracts last named, and stated that all the land within the boundaries on the map filed with the petition for election was intended to be used strictly for town purposes, such statement was untrue. That said tracts, at the time of the attempted incorporation, nor at any time since, were not used, or intended to be used, for strictly town purposes. That no one lived on said tracts of land, and they were used, and intended to be used, for agricultural purposes, and could not be used for strictly town purposes.

That, immediately after the result of the election was declared, at which a mayor and two commissioners were elected, they met and instituted a pretended form of city government, enacted ordinances, levied taxes, etc. That at this time E. F. Huntsaker claims to be the duly and legally elected mayor, and Church Edgin and W. F. Rowland claim to be the duly and legally elected commissioners of said town, and are discharging the duties of such respective offices, and levying and collecting taxes on all the lands included within the boundaries of said attempted incorporation, which covers the lands of relators.

That M. E. Thornhill owns tract No. 41; R. L. Wagner tract No. 43; Floyd Graves tract No. 44; L. M. Williams tracts Nos. 45 and 47; H. R. Myers tract No. 42; and C. M. Mathews tract No. 54.

That the owners of said tracts have no city conveniences, are not furnished water for domestic use or fire protection, notwithstanding the town has a water system which cost approximately $50,000. That it was not intended by the owners of said tracts, or the purchasers thereof, that they should be used for town purposes, but the intention was that such tracts should be used as suburban farms adjacent to the town. That the plat designated "Amherst Suburban Farms" correctly shows the location of the town as originally platted, the five-acre tracts, and the tracts numbered thereon from 32 to 54, inclusive. A copy of said plat is attached to, and made a part of, the petition which relators sought to have filed. Said plat shows the original 214 acres subdivided into lots, blocks, streets, and alleys. That on three sides, and adjoining said 214 acres, 5-acre tracts are located, but not subdivided into lots and blocks, and not separated from each other by streets, but each of said five-acre tracts front on a street running between it and the original 214 acres. That tracts Nos. 32 to 48 and tracts Nos. 52, 53, and 54 are contiguous to said 5-acre tracts, are not subdivided, none of them have streets between them and said 5-acre tracts, and only a part of them are separated from each other by roads or streets.

The petition presented to the district judge discloses that the district attorney, in behalf of the state, on information and belief, charged that the pretended incorporation of the town of Amherst was and is illegal and

void, because it includes lands not used, or intended to be used, strictly for town purposes at the time of the attempted incorporation, nor at any time since. That the incorporation was had in violation of law, and deprives the relators and other similarly situated of their property without due process of law, denies the owners of the suburban farms equal protection of the law, and that said pretended incorporation should be held void and dissolved. He asks for service of process upon the respondents, and that, upon a hearing, the incorporation be dissolved, and for such other relief as relators may be entitled to under law.

The petition was duly verified.

After a consideration of the application and the facts as alleged in the verified petition sought to be filed, the court found that no probable cause was shown to justify a hearing upon the application or the filing of said petition, and entered judgment refusing permission to file said petition, from which judgment the state of Texas and the relators prosecute this appeal.

Article 6253 R. C. S. 1925, after providing the remedy of quo warranto under the conditions therein specified, reads: "If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

The court may deny leave to file an information or petition in the nature of a quo warranto in the exercise of a sound judicial discretion. State ex rel. Eckhart v. Hoff et al., 88 Tex. 297, 31 S. W. 290. "The discretion which the court must exercise is not an arbitrary personal discretion of the judge, but a sound judicial discretion according to law, the exercise of which is reviewable." 32 Cyc. p. 1434.

The court, in his judgment, makes several findings of fact manifestly not based on the verified information or petition which the district attorney tendered and sought permission to file.

Article 1134, R. C. S. 1925, providing that the inhabitants of a town or village may incorporate by an election and the proceedings therefor, says that no territory shall be included in such incorporation, except "that which is intended to be used for strictly town purposes."

The question of intent expressed in the statute is a question of fact. State ex rel. Perrin v. Hoard et al., 94 Tex. 527, 62 S. W. 1054.

The allegations in the verified petition or information for quo warranto proceedings, the permission to file which was sought by the state of Texas and relators, must be taken as true for the purpose of passing on the question presented by this appeal. In our opinion, the verified petition alleged facts which authorized the state and

the relators to have the validity of the incorporation of the town of Amherst determined by the court. City of East Dallas et al. v. State ex rel. Putz, 73 Tex. 371, 11 S. W. 1030; Ewing et al. v. State ex rel. Pollard et al., 81 Tex. 172, 16 S. W. 872; State ex rel. Averitt et al. v. Wofford, 90 Tex. 514, 39 S. W. 921; State ex rel. Mobray et al. v. Masterson et al. (Tex. Civ. App.) 228 S. W. 623.

The judgment is reversed, and the cause is remanded.