## SECURITY UNION INS. CO. v. McLEOD.

### No. 1234–5610.

Commission of Appeals of Texas, Section B. March 18, 1931.

450

Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

Charles Gibbs and Glenn R. Lewis, both of San Angelo, for defendant in error.

RYAN, J.

This is a suit arising under the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309) and involves a claim for compensation by A. M. McLeod for injuries alleged to have been received by him on or about April 24, 1928, while, as he alleges, he was working for L. E. Whitham & Company.

The trial court held that under the undisputed testimony, McLeod was not an employee of Whitham & Company but was an employee of J. L. Menefee, a hauling contractor, and instructed a verdict for plaintiff in error, Security Union Insurance Company, and against McLeod, upon which judgment was accordingly entered.

The Court of Civil Appeals reversed that judgment and remanded the cause for a new trial, holding that there was sufficient evidence to raise an issue for the jury as to whether McLeod was an employee of Whitham & Company or of J. L. Menefee. 22 S.W. (2d) 952.

The evidence shows that J. L. Menefee was a hauling contractor in the city of San Angelo and owned a fleet of six trucks; Menefee drove one of the trucks and employed the drivers for the other trucks. He had a contract with Whitham & Company, paving contractors, to haul gravel for them from a pit located on property of Theo Montgomery, some four or five miles from San Angelo, to the point in the city where the gravel was needed. McLeod was employed and paid by Menefee and boarded at Menefee's house. The truck he drove was owned by Menefee, who paid all expenses incident to its upkeep and maintenance. Menefee employed all the drivers of the trucks owned by him and used in the performance of his contract for hauling for Whitham & Company. Said trucks were kept at Menefee's house and all of the truck drivers boarded with him.

McLeod testified that his contract of employment was with Mr. Menefee, and would be paid $60 a month and board, estimated at $40 or $100 a month. If he lost four or five days a month Menefee agreed to pay him at the rate of $3.30 a day for the days he hauled and charge him $1.33 a day for board, and pay $2 a day "for the days we hauled." Menefee was hauling gravel for Whitham & Company, and not for any one else. He testified further that Menefee once told him that so long as he pleased Whitham & Company he would have a job, and if he did not please Whitham & Company he (Menefee) would turn him off.

The Court of Civil Appeals found that Whitham & Company could not discharge any one from the general employ of Menefee, but that the evidence is sufficient to support a finding that they reserved and exercised the right to exclude from the work any truck driver who failed to satisfy them, and that this was tantamount to discharge from the particular employment whether there was a discharge generally from Menefee's employ or not.

The testimony further shows that on April 24, 1924, when the injuries were received, McLeod was driving a truck owned by Menefee, back from the gravel pit to the home of Menefee to store it there until the next day, having been told, when he went to the gravel pit, that no hauling would be done that day; it was on his return home to Menefee's residence, with the truck, that his injuries occurred when he ran off the road. The testimony further shows that on that day, neither McLeod nor any other of Menefee's trucks did any hauling whatever for Whitham & Company.

The process of loading the gravel into the trucks was as follows: Whitham & Company owned and operated a crane which lifted the gravel into a chute; the trucks were backed under and filled from the chute. This process was under the control of an employee of Whitham & Company. As a truck was loaded and after a signal "to pull out," the truck driver left the pit with his load and brought it to the place of delivery, where the truck was unloaded. In unloading, the truck driver, on a signal from an employee of Whitham & Company, would back in and "dump" the load.

Whitham & Company exercised no other control over the trucks or their drivers than as detailed above, in the loading at the pit and the unloading at the place of delivery.

On delivery of the gravel, Whitham & Company gave the driver a slip or ticket which showed the number of yards hauled on that load, which was turned over to Menefee, who

twice a month presented such slips or tickets to Whitham & Company and was paid for the hauling, at the rate of 75 cents per yard, based on such slips or tickets.

Under Whitham & Company's agreement with Menefee, they had no right to employ or discharge the men driving his trucks, nor to repair the trucks nor control his men; they never carried these men on their pay rolls or paid them, neither were the men ever reported to the insurance company as employees of Whitham & Company, nor was any premium paid on them.

Plaintiff in error issued a policy of compensation insurance to Whitham & Company, but not to Menefee.

### Opinion.

We have reached the conclusion that McLeod was not an employee of Whitham & Company, within the meaning of the Workmen's Compensation Act (Vernon's Ann. Civ. St. arts. 8306–8309), when he was injured.

To constitute one an employee in the meaning of the compensation laws, there must exist between the parties the relation of master and servant in the broad sense that the one has the right of ultimate control and direction over the other.

The relation of master and servant exists, where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished, but as well the means and details of its accomplishment; not only what shall be done, but how it shall be done. Shannon v. Western Indemnity Co. (Tex. Com. App.) 257 S. W. 522, 523; Wallace v. S. C. O. Co., 91 Tex. 18, 40 S. W. 399; Southern Surety Co. v. Shoemake (Tex. Com. App.) 24 S.W.(2d) 7.

The mere right of a person who has let out a contract, to supervise the work in such a way as to see that it is performed according to contract, does not make the employees of the contractor his employees. Simonton v. Perry (Tex. Civ. App.) 62 S. W. 1090; Smith v. Humphreyville, 47 Tex. Civ. App. 140, 104 S. W. 495, writ of error refused; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, writ of error refused.

While it may be true that Whitham & Company loaded the trucks and designated where they should be unloaded when they reached their destination, they had and exercised no other supervision and had nothing to do with the drivers' employment or the means by which the hauling was done; they were concerned only in seeing that the trucks were loaded, and in the gravel being delivered to them; then and as delivered, they paid Menefee for the hauling on the basis of 75 cents per square yard.

At the time of the injury, McLeod was not riding or driving in Whitham & Company's truck and was not under their control, but was driving an unloaded truck owned and controlled by Menefee, his employer, on his return to Menefee's premises.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.