## WILLIAM RIGGS v. THE HADEN COMPANY.

No. 7022.   Decided May 13, 1936.
(94 S. W., 2d Series, 152.)

*Fullbright, Crooker & Freeman* and *Lestes Settegast,* all of Houston, for plaintiff in error.

Maurice Robertson was an employee of The Haden Company, and it was error for the Court of Civil Appeals to hold that O. B. Bright was an independent contractor. Shannon v.

Western Indemnity Co., 257 S. W., 522 (Com. App.); Lone Star Gas Co. v. Kelley, 46 S. W., (2d) 656 (Com. App.).

*King, Wood & Morrow,* of Houston, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

In the District Court of Harris County plaintiff in error, William Riggs, was awarded a judgment against defendant in error, The Haden Company, for damages on account of the death of his son, Jimmy Riggs. The boy was killed as a result of being struck by a truck driven by one Maurice Robertson. Judgment in favor of plaintiff in error against Robertson was affirmed by the Court of Civil Appeals and no appeal is prosecuted therefrom. The judgment as against The Haden Company was by the Court of Civil Appeals reversed and rendered, with dissent by Justice Graves. 84 S. W. (2d) 789. On account of the similarity between this case and the case of Smith Bros., Inc., v. J. R. O'Bryan, it was advanced and set for submission with that case. Under the view we have taken of the case, the only question necessary to be decided here is whether or not Maurice Robertson at the time of the accident was an employee of The Haden Company for whose acts that company was liable under the doctrine of respondeat superior.

The statement of all the controlling facts made by the Court of Civil Appeals in the majority opinion is unchallenged. As we are in accord with the opinion of the majority, it is not necessary to restate these facts in full. Briefly, it may be said that O. F. Bright had a contract with The Haden Company under which he, as owner of his own trucks, hauled sand, gravel, shell and other materials for The Haden Company, and was paid by that company a certain sum for each load. Bright paid all expenses in connection with the trucks and their operation. He employed his own drivers, including Maurice Robertson, and paid their salaries or wages. He had complete control over them as to how long they worked and alone had authority to discharge them. The drivers were directed to Bright as to when to report to The Haden Company for work. Generally, it may be said that the extent of control over these truck drivers by The Haden Company was to designate the materials to be hauled, to whom they were to be delivered, and to require a receipt showing delivery. The Haden Company did not designate the route to be traveled in hauling materials and did not control the speed of the trucks. The control exercised over these truck drivers did not extend to as many de-

tails as did the control exercised by Smith Bros., Inc., in the O'Bryan case above mentioned.

The case is almost a parallel case with the Security Union Insurance Company · v. McLeod (Com. App.), 36 S. W. (2d) 449, wherein it was held that the truck driver was in the employment of one Menefee, a hauling contractor, and was not an employee of Whitham & Company, who had a contract with Menefee. Likewise, the case of Manning v. Texas Employers' Ins. Ass'n., 67 S. W. (2d) 389, is almost identical on the facts, and in that case it was held that Manning was the employee of one James, who had a contract for hauling sand, gravel and cement with Dodd & Wedegartner, just as Bright had with The Haden Company in this case, and was not in the employment of Dodd & Wedegartner.

The writ of error in this case was not granted because of any doubt in the correctness of the opinion of the majority of the court, but because of the dissenting opinion, and because of the alleged conflict with the case of Smith Bros., Inc., v. O'Bryan. The O'Bryan case is distinguishable from this case in this: In the O'Bryan case the truck driver had an agreement directly with Smith Bros., Inc., and was being paid by them for the work he did. In the present case, Robertson was admittedly employed by Bright and was being paid by Bright. As Bright did no work himself, there could be no contention that he was an employee of The Haden Company but was admittedly an independent contractor. It is contended, however, that Robertson as an employee of Bright had become so completely subjected to the control and direction of The Haden Company as to the details of the work being done that he had ceased to be an employee of Bright and had become an employee of The Haden Company. The evidence does not support such contention, but if the fact of Robertson being an employee of Bright be disregarded, then our decision this day rendered in the case of Smith Bros., Inc., v. O'Bryan (post, p. 439, 94 S. W. (2d) 145) is decisive of the case.

The additional circumstances in this case that the truck in question bore a sign, "The Haden Company," on its side is not of controlling importance. Brownrigg v. Allvine Dairy Co., 137 Kan., 209, 19 Pac. (2d) 474.

The judgment of the Court of Civil Appeals is in all things affirmed.

Opinion adopted by the Supreme Court May 13, 1936.