## MARYLAND CASUALTY CO. v. GRAY.
### No. 8982.

Circuit Court of Appeals, Fifth Circuit.
April 22, 1939.

494

Frank E. Smith and Tom K. Eplen, both of Abilene, Tex., for appellant.

Davis Scarborough and John Sayles, both of Abilene, Tex., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Wash Gray, while engaged as a carpenter in building a house for F. F. Moore, ran a splinter into one of his fingers. His hand became infected, he lost his middle finger, his other fingers stiffened and the usefulness of his hand has been greatly impaired. Gray claimed and was awarded workmen's compensation benefits against Maryland Casualty Company as the insurance carrier of the alleged employer, H. L. Rice, doing business as the Pine Street Lumber Yard, in Abilene, Texas.

Maryland Casualty Company, appellant, contends that the evidence was wholly insufficient to show that Gray was an employee of Rice when the injury occurred.

When Moore prepared to build the house, he had an architect make plans and specifications and proceeded to make various contracts for labor and material to be used in its construction. Moore, being unable to finance the building of the house, went to Rice, owner of the Pine Street Lumber Yard, and procured his assistance to the extent of furnishing part of the building material and advances of money for the pay roll. On September 7, 1937, Moore and his wife executed a mechanic's lien contract in favor of Rice to secure such advances. This contract apparently bound Rice to do a turnkey job, but he actually did no more than furnish certain building materials for the house and money with which to pay the various workers employed by Moore. The evidence discloses that the lien was actually executed for the purpose of securing Rice and preserving a lien which was to be assigned in order that Moore might obtain a loan when the house was completed.

Among the contracts that Moore had with various workers was one with Wash Gray, a carpenter. Gray agreed to do the carpenter work for a consideration of $300 to be paid by Moore in groceries and $335 to be paid in cash by Rice. The work on the house started and Gray received groceries from Moore and money from Rice until such time as he was discharged by Moore.

Gray was at no time employed by Rice and Rice had no agreement with Gray as to the amount of money he was to receive, the hours he was to work, or with reference to any of the means and details of accomplishing the carpenter work. The money that Rice paid to ·Gray was paid only after Moore had authorized the payment and notified Rice of the amount to be paid. Moore hired Gray and it was he that gave the instructions about the work. It was Moore that discharged Gray and took the plans and specifications from him and thereupon hired a new carpenter.

The Texas statute defines "Employee" as "every person in the service of another under any contract of hire, expressed or implied, oral or written * * *." Revised Statutes of Texas, 1925, art. 8309, Vernon's Ann.Civ.St.Tex. art. 8309.

The Texas authorities hold that in order to constitute one an employee within the meaning of the compensation laws, there must exist between the parties the relation of master and servant in the broad sense that the one has the right of ultimate control and direction over the other. The burden of proof was on the appellee and the evidence does not support a finding that he was an employee of Rice. Security Union Insurance Company v. McLeod, Tex. Com.App., 36 S.W.2d· 449; Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522.

Rice did not hire, supervise or discharge the workers employed on the house. This was done by Moore. At most Rice did nothing more than see that enough labor was put into the job to warrant the advances which he made. He neither had nor exercised the power to direct or control Gray in his work. The master and servant relationship was not established between them and the ruling of the court in this respect was error. Hartford Accident & Indemnity Company v. Addison, 5 Cir., 93 F.2d 627; Security Union Insurance Company v. McLeod, Tex.Com.App., 36 S.W.2d 449.

The judgment is reversed.