**STATE of Texas ex rel. Frank D. MAN-CHAC, Appellants,**

v.

**CITY OF ORANGE et al., Appellees.**

No. 5034.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 13, 1955.

Motion for Rehearing Overruled
Feb. 2, 1955.

Keith, Mahaffey & McNicholas, Beaumont, John O. Young, Orange, for appellants.

E. L. Reid, Orange, Hustmyre, Bruce & McKee, Orange, for appellees.

R. L. MURRAY, Chief Justice.

The State of Texas, acting by the County Attorney of Orange County, on the relation of Frank D. Manchac, filed a motion in the district court of Orange County, praying for leave to file a petition in the nature of

a quo warranto proceeding. The petition was upon the relation of Manchac and sought to challenge the validity of an annexation ordinance by the City of Orange. The district court of Orange County overruled and refused the motion for leave to file the petition. No hearing was had, no adverse parties were served, no action of any kind was taken in the matter except to refuse leave to file the petition.

The State of Texas and the relator, Frank D. Manchac, have duly perfected their appeal to this court from such order. After the appellants filed their brief, reply brief was filed in behalf of the City of Orange, the mayor, commissioners, clerk, and tax-assessor and collector of the City of Orange.

The statute relating to quo warranto proceedings, Art. 6253, Vernon's Annotated Statutes of Texas, provides for the presentation to the district court or district judge of the proper county of such a motion or petition for leave to file such a petition, and further provides that "If such court or judge is satisfied that there is probable ground for the proceeding, he shall grant such leave and order the information to be filed and process to issue."

 In the exercise of sound judicial discretion, the court may deny such leave. Such a refusal is reviewable on appeal. State ex rel. Eckhardt v. Hoff, 88 Tex. 297, 31 S.W. 290; State ex rel. Thornhill v. Huntsaker, Tex.Civ.App., 17 S.W.2d 63.

 On the authority of State ex rel. Thornhill v. Huntsaker, supra, the allegations contained in the petition sought to be filed must be taken as true for the purpose of passing on this appeal. If the petition sought to be filed stated a cause of action, the court was in error in refusing permission to file it. We therefore look to the petition to determine its sufficiency.

The petition states that it is brought by the State of Texas by and through John O. Young, County Attorney of Orange County, upon the relation of Frank B. Manchac, and complains of the City of Orange; the parties are alleged to be Manchac, who is a resident citizen of Orange County and the City of Orange, a municipal corporation, a home rule city, and the officers of the City of Orange are identified by name.

It is alleged that on or about September 9, 1952, the City of Orange adopted an ordinance purporting to annex certain territory, and a copy of such ordinance is attached to the petition and made a part thereof. Said ordinance recites that the annexation was upon the petition of Pat N. Wilson, Wayne E. Bass and Gulf States Utilities Company, "who are the present and sole and only owners of said land;" that said annexation purported to proceed under the provision of Article 1, Section 3, of the charter of the City of Orange and a copy of said Section 3 of the charter of Orange was attached to the petition and made a part thereof. Said charter provision attached to the petition provides that "any territory adjoining the boundaries of the city * * * may from time to time be admitted to and become a part of said city, on application made or consent given in writing to the governing authorities of said city by the owner or owners of such land * * * or by a majority of the legal voters at an election held for that purpose who are residents of the land sought to be added."

It is alleged that said ordinance is invalid, void, ineffective and inoperative for the following reasons: (a) the persons petitioning for such annexation, Pat N. Wilson, Wayne E. Bass and Gulf States Utilities Company, were not the sole owners of such land so sought to be admitted in said petition as is required by said Article 1 of Section 3 of the Charter of the City of Orange; (b) other persons, The State of Texas and the Lutcher and Moore Lumber Company, own land described in said ordinance and neither joined in the application to be admitted to the city. (c) The Board of Commissioners knew or in the exercise of reasonable diligence should have known that the petition of said Wilson, et al., was and is insufficient to constitute an application and consent in writing

by the owners of such land and that others than said Wilson, et al., own land within said territory sought to be annexed, and that said territory so annexed by said ordinance was not adjoining the boundaries of said city as required by said Charter. (d) That said ordinance was but a gerrymandering device contrived and schemed to add some territory thousands of feet away from the existing boundaries of said city so as to foster and encourage a private real estate development of the said Wilson and Bass.

The petition further alleged that the purported annexation ordinance, and each and every subsequent ordinance purporting to add territory to that described in the ordinance of September 9, 1952, was void and that the court should so declare and enjoin the said city and all of its officers, agents and employees from exercising their dominion and control over said territory or assessing or collecting taxes upon any property therein or attempting to enforce any ordinance therein. The individual relator Manchac alleged that by virtue of said ordinance the City of Orange has assessed and levied ad valorem taxes upon real property owned by him in said area and that such levying and assessment constitutes a lien upon his property and a cloud upon his title, and subjects the same to forced sale in the event he fails or refuses to pay such taxes. The petition is verified by the affidavit of the relator Manchac.

■■ We believe that the only way in which Manchac could attack the ordinance of annexation complained of was by a quo warranto proceeding such as was sought to be filed here. He could not make the attack by a suit as an individual taxpayer under the holding in City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 154 A.L.R. 1434; Lefler v. City of Dallas, Tex.Civ.App., 177 S.W.2d 231. The attack made in the petition upon the ordinance of annexation makes a direct challenge that the said ordinance was not in conformity with the specified section of the city charter of Orange, which prescribed the manner in which adjacent territory might be annexed to the City of Orange. In the case of Willman v. City of Corsicana, Tex.Civ.App., 213 S.W.2d 155, it was held that since the city charter prescribed the manner in which the powers of annexation should be performed, such method must be followed and a material departure therefrom is not a colorable compliance. In that case, which was brought as an injunction proceeding, the attempted annexation was held to be void.

We believe that the petition presented alleged matters constituting a sufficient ground to have the validity of the annexation ordinance determined by the court.

In the brief of the appellees, the City of Orange and its officers, it is contended that the relator Frank D. Manchac does not allege and the petition does not allege that he owned land in the territory at the time the petition for annexation was presented or at the time the ordinance was passed, and that the petition was therefore not sufficient to require that it be filed. They further say that at the time the annexation ordinance was passed all the owners of land in the annexed territory except the State of Texas and the Lutcher and Moore Lumber Company signed the petition, and that since they were the only ones that could have been injured by such annexation ordinance, the petition does not state adequate ground for an attack on the annexation ordinance. They point out that Lutcher and Moore Lumber Company has not complained of the annexation.

They say that since the annexation of the territory in 1952, more than two years have passed and that almost two years had passed when this petition for leave to file quo warranto proceedings was presented; that during that time many persons, more than one hundred, had bought homes situated on such property and that most if not all of the purchasers had purchased their homes on F.H.A. loans and that the loans would not have been made if the annexed territory was not in the corporate limits of the City of Orange; that the inhabitants of such territory would, if such an annexation be set aside, be without

sanitary sewerage, police and fire protection, and would be without any form of municipal government. They say that the court should take judicial knowledge of these facts and hold on the authority of State ex rel. Eckhardt v. Hoff, supra, that the trial court in the exercise of its judicial discretion properly refused to permit such petition to be filed, where its successful prosecution would be a public injury without any private right in the relator Manchac upon which to base his claim.

■ We cannot take judicial knowledge of the facts which the appellees set out. The courts cannot judicially know the number of persons who have bought homes in the territory annexed to the City of Orange by the ordinance of September, 1952, nor whether they have sewerage or police and fire protection, or made use of the F.H.A. loans in the purchase of their property. None of such matters are in the record before us, since in fact no record was made in the trial court except the presentation of the petition and the order denying leave to file it. All of the matters urged and raised by the appellees are of such a nature that they would have to be brought before the trial court for determination, on a test of the validity of the ordinance of annexation, before they can be considered by us.

■ After this cause was submitted on oral argument on December 16, 1954, the attorney for the appellees notified this court on December 21, 1954 that by an ordinance passed and adopted on December 14, 1954, the City of Orange had annexed four tracts of land, including the tract of land which was the subject of the annexation order of September 9, 1952. A certified copy of the annexation ordinance of December 14, 1954, together with a certified copy of Article 1, Section 3 of the amended charter of the City of Orange, in effect at that time, is presented to us in such notice. Such charter provision in the amended charter of the City of Orange provides that the Commission shall have the right to provide for the annexation of additional territory lying and adjacent to the city with or without consent of the owners of such property or the inhabitants thereof. Counsel for the appellees suggests that in view of the annexation ordinance of December 14, 1954, all questions sought to be raised by the appellants have become moot, and therefore the appeal and all proceedings in connection therewith should be dismissed. We do not believe that the annexation by the City of Orange on December 14, 1954, would have the effect of making all of the questions raised by the petition of the appellants moot. If the contentions of the appellants should be found to be correct and sustained by a final judgment, the appellant Manchac would still have for determination certain rights under such a holding and judgment. Vague and undetermined as they appear now, he might have some claim for relief from tax assessment and collection for the period of two years intervening between September 9, 1952 and December 14, 1954, and the case is not moot.

■ The appellees in their brief argue that if relator Manchac owns any property in the area annexed in 1952 he has acquired it since the annexation with full knowledge of the effect of such ordinance and that he is estopped from complaining of it. This, of course, appears to be purely a defensive matter which would have to be properly presented and proved in the trial court before it could be considered in opposition to the petition sought to be filed. We are concerned here only with whether the petition alleged a cause of action and in the state of the record no defensive matters can or will be considered.

■ We believe that the petition alleged facts sufficient to challenge the validity of the annexation ordinance of September 9, 1952, and that the trial court erred in refusing to grant leave to file the petition. Such order is reversed and judgment is here rendered that leave be granted to file such petition.

Reversed and rendered.