EAGLE TRUCKING COMPANY et
al., Petitioners,

v.

TEXAS BITULITHIC COMPANY et
al., Respondents.

No. B–9076.

Supreme Court of Texas.

Jan. 14, 1981.

On Rehearing Feb. 25, 1981.

Erskine, Dunn & McMahon, Blake Erskine, Longview, Wellborn, Houston, Bailey & Perry, Blake Bailey, Henderson (Scott, Douglass & Keeton, W. Page Keeton, Austin, argued), for petitioners.

Roberts, Harbour, Smith, Harris, French & Ritter, Melvin R. Wilcox III, B. Mathew Dove and Otto A. Ritter, Longview, Ramey, Flock, Hutchins, Jeffus, McClendon & Crawford, Mike A. Hatchell, Tyler, for respondents.

POPE, Justice.

The questions presented in this negligence action are whether the court of civil appeals correctly held that Johnnie Wesley Guin and Billy Wayne Peden proved Robert Fitch and Eagle Trucking Company were negligent per se, and whether the courts below were correct in their judgments that there was no evidence of vicarious liability on the part of two other parties.

Guin and Peden instituted the suit against Fitch and Eagle Trucking. Fitch and Eagle Trucking counterclaimed against Guin and Peden and also sued defendants United Drilling Company, Texas Bitulithic Company, and Norman Gamel and Clyde Grantham, doing business as G & G Construction Company. The trial court sustained motions for instructed verdicts as to United Drilling Company, Texas Bitulithic Company and G & G Construction Company. The trial court, based on jury findings, then rendered judgment that the plaintiffs Guin and Peden take nothing, but rendered judgment against Guin and Peden as cross-defendants for $47,000 for Eagle Trucking and for $216,232.35 for Fitch. The court of civil appeals affirmed the trial court's judgment which sustained the motions for instructed verdicts, but reversed the trial court's judgment that the plaintiffs Guin and Peden take nothing. The court of civil appeals held that Fitch and Eagle Trucking were negligent as a matter of law for their violation of section 93(a) of article 6701d [1] and remanded the cause for another trial. 590 S.W.2d 200. We affirm that part of the judgments below which sustained the motions for instructed verdict, but we reverse the judgment of the court of civil appeals reversing the judgment of the trial court that plaintiffs Guin and Peden take nothing.

Guin was the driver of a dump truck that Peden owned. Fitch was the driver and operator of a winch truck that Eagle Trucking owned. It is admitted in this case that Guin was in the course of his employment with Peden and that Fitch was in the course of his employment with Eagle Trucking.

Leaving aside for a moment the vicarious liability question that exists, we shall examine the events leading up to the collision between the dump truck and the winch truck. Plaintiff Guin was driving Peden's loaded dump truck on FM Road 2011 in a northerly direction when he approached a bridge that crossed a creek. Just south of the bridge, Fitch and his supervisor had maneuvered the Eagle Trucking winch truck into such a position that it was standing crossway to the road and blocking both lanes of traffic. United Drilling had hired Eagle Trucking to pull a water pump from the creek bed. Fitch and his supervisor had

---

**1.** All statutory references are to Texas Revised Civil Statutes Annotated unless otherwise noted.

been able to pull the pump from the creek by means of the winch, but the wet condition of the terrain prevented their use of the vehicle except by keeping it on the hard surface part of the road. They posted a flagman at the north side of the bridge and another one down the road on the south side. With the Eagle Trucking winch truck positioned across the highway, Fitch and his supervisor proceeded to pull the five-ton pump up an embankment and had the pump stabilized on the tailgate of the winch truck. Guin drove past the flagman at a fast speed and ran into the side of the winch truck.

The trial court submitted one check-off issue which inquired about the negligence of the defendant Eagle Trucking,[2] the owner of the winch truck, and another check-off issue which inquired about the negli-

gence of the plaintiff and cross-defendant Guin,[3] the driver of the dump truck. The court also submitted an issue for the comparison of the two parties' negligence.[4] The jury acquitted Eagle Trucking of all negligence, but found that cross-defendant Guin was negligent in failing to keep a proper lookout, failing to operate his vehicle at a rate of speed a person of ordinary prudence would have operated, and failing to make timely and proper application of his brakes. The jury also found that the negligence was a proximate cause of Fitch's and Eagle Trucking's damages. Since only Guin was found negligent, there was nothing to compare; so the jury properly left the comparison answers blank. There were no requests for the court to give a different comparison issue or additional instructions. The trial court accordingly rendered judg-

2. *QUESTION NO. 1*: On the occasion in question was EAGLE TRUCKING CO. negligent: (a) in blocking the lane of traffic along which JOHNNIE GUIN was traveling (b) in failing to keep a proper lookout (c) in failing to see that some individual with red flags was posted south of the bridge before he began loading the pump (d) in failing to post warning devices south of the bridge (e) in creating a hazardous condition. Answer "YES" or "NO" in each line of Column 1. If any of your answers in Column 1 are "YES", was any such negligence a proximate cause of the occurrence in question? Answer "YES" or "NO" on the corresponding line of Column 2.

|  | COLUMN 1<br>Negligence | COLUMN 2<br>Proximate<br>Cause |
|---|---|---|
| (a) In blocking lane<br>of traffic | "NO" | ———— |
| (b) Failing to keep<br>proper lookout | "NO" | ———— |
| (c) Failing to post<br>individual with<br>red flags | "NO" | ———— |
| (d) Failing to post<br>warning devices | "NO" | ———— |
| (e) In creating a haz-<br>ardous condition | "NO" | ———— |

3. *QUESTION NO. 6*: On the occasion in question, was Johnnie Wesley Guin negligent in failing to keep a proper look-out, failing to operate his vehicle at a rate of speed a person of ordinary prudence would have operated, failing to make timely and proper application of

his brakes, or failing to turn his vehicle to the right?

Answer "yes" or "no" in each line in Column 1. If any of your answers in Column 1 are "yes", was any such negligence a proximate cause of the collision in question? Answer "yes" or "no" in the corresponding line of Column 2.

|  |  | COLUMN 1<br>Negligence | COLUMN 2<br>Proximate<br>Cause |
|---|---|---|---|
| A. | Proper look-out | "YES" | "YES" |
| B. | Control of speed | "YES" | "YES" |
| C. | Brakes | "YES" | "YES" |
| D. | Failure to turn | "NO" | ———— |

4. *QUESTION NO. 13*: If any of your answers in Column 2 of Question 1 are "YES", and if any of your answers in Column 2 of Question 6 are also "YES", then answer this Question 13; otherwise, do not answer this question.

What percentage of the negligence that caused the occurrence do you find from a preponderance of the evidence to be attributable to each of the parties found by you to have been negligent?

The percentage of negligence attributable to a party is not necessarily measured by the number of acts or omissions found.

In answering this question, you should consider the negligence of EAGLE TRUCKING CO. and JOHNNIE GUIN which you have found to be a proximate cause of the occurrence; therefore, the percentages should add up to 100%.

Answer by stating the percentage opposite each name.

EAGLE TRUCKING CO.    [not answered] %

JOHNNIE GUIN    [not answered] %

ment on the verdict that Guin take nothing, but that Fitch and Eagle Trucking recover their damages against Guin and Peden.

On appeal, Guin urged that Fitch and Eagle Trucking, as a matter of law, had violated section 93(a) of article 6701d. Upon that basis, the court of civil appeals reversed the judgment in favor of cross-plaintiffs Fitch and Eagle Trucking and remanded the cause for another trial. It is our opinion that the court of civil appeals was in error in reversing the trial court's judgment. Guin, in his pleadings, did not allege a violation of section 93(a) nor that the defendants were negligent per se. Guin did allege that the Eagle Trucking winch truck blocked the highway, but several different subdivisions of article 6701d relate to stopped vehicles. Peden, the other plaintiff, alleged that the defendants were negligent per se, but by reason of a violation of section 138, article 6701d. Subdivision 138 concerns the failure to display warning devices when a vehicle is stopped on the highway. Guin first raised in his motion for new trial the claim that Fitch and Eagle Trucking were negligent by reason of their violating section 93(a) of article 6701d.

█ It is our opinion that the plaintiffs, Guin and Peden, did not rely upon section 93(a) in the trial court. Plaintiffs Guin and Peden did not undertake to prove one of the essential parts of section 93(a). That section operates when one stops, parks, or leaves a vehicle standing upon the paved part of the highway, and when that occurs "[u]pon any highway outside of a business or residence district ...." Neither plaintiff offered any evidence to prove that part of the statute. Recognizing this absence of proof at the trial, the court of civil appeals has supplied the missing proof by its resort to judicial notice. Section 17, article 6701d, defines "business district" and "residence district":

Sec. 17. (a) Business District. The territory contiguous to and including a highway when within any six hundred (600) feet along such highway there are buildings in use for business or industrial purposes, including but not limited to ho-

tels, banks, or office buildings, railroad stations and public buildings which occupy at least three hundred (300) feet of frontage on one side or three hundred (300) feet collectively on both sides of the highway.

(b) Residence District. The territory contiguous to and including a highway not comprising a business district when the property on such highway for a distance of three hundred (300) feet or more is in the main improved with residences or residences and buildings in use for business.

Whether or not a portion of land along FM Road 2001 is inside or outside a business or residence district as defined by the statute, is not a matter which may be judicially noticed. Some facts may be judicially noticed because of their notoriety and indisputable existence. *See Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 522 (1961). Well known and easily ascertainable facts may be judicially noticed. *Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154, 158 (Tex.1967). But personal knowledge is not judicial knowledge, and a judge may personally know a fact of which he cannot take judicial knowledge. 1 Ray, Law of Evidence, *Judicial Notice* § 152 (1980) at 194–97. The proper test for judicial notice is: "Is the fact 'verifiably certain'?" 1 Ray, Law of Evidence, *Judicial Notice* § 211 (1980) at 286.

█ Using the test of "verifiable certainty," the court below could not take judicial notice of the fact that the place of the accident was "outside of a business or residence district" as defined by the statute. There is no source for the ascertainment of this fact from which a judge could refresh his memory or inform his conscience in any manner in which that judge deems trustworthy. *Jones v. United States*, 137 U.S. 202, 216, 11 S.Ct. 80, 85, 34 L.Ed. 691 (1890); *see State v. City of Orange*, 274 S.W.2d 886 (Tex.Civ.App.—Beaumont 1955, no writ); *Freeman v. McElroy*, 149 S.W. 428, 433 (Tex.Civ.App.—San Antonio 1912, writ ref'd). We conclude that Guin and Peden failed to establish that Fitch and Eagle

Trucking were negligent as a matter of law.

There is a second and more compelling reason that the plaintiffs, Guin and Peden, cannot rely upon negligence per se as a basis for recovery against Fitch and Eagle Trucking. This case was tried and had to be tried as a comparative negligence case. Tex.Rev.Civ.Stat.Ann. art. 2212a. *B & B Auto Supply, Sand Pit, and Trucking Co. v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex.1980). The trial court submitted special issue one about defendant Eagle Trucking's negligence which the jury found against plaintiff Guin's contentions. Upon the basis of the findings and the comparative negligence issue, plaintiff Guin was negligent and defendant Eagle Trucking was not negligent.

At the charge stage of the trial, plaintiff Guin did nothing to avail himself of the defendant Eagle Trucking's negligence which Guin now says he established as a matter of law. If, as plaintiff Guin urges and the court of civil appeals has held, Guin established that Eagle Trucking was negligent as a matter of law, that negligence should have been made known to the jury, and it should have been included in the issue which compared the negligence of Guin and Eagle Trucking.

■ The fact of Eagle Trucking's negligence and the accompanying proximate cause issue did not have to be submitted, if they were established as a matter of law, but Eagle Trucking's negligence as a matter of law had to be included in the comparison issue. Plaintiff Guin did not ask the court to instruct the jury that defendant Eagle Trucking was negligent. Guin requested no comparative negligence issue which included an instruction that Eagle Trucking was to some extent negligent as a matter of law. Guin made no objection to the comparative negligence issue as submitted.

Guin had the burden to establish Eagle Trucking's negligence and if, as he urges, he established that fact, Guin had the further burden to have Eagle Trucking's negligence as a matter of law, included in the comparative negligence issue. Guin's total failure to do anything to get a jury finding which compared Eagle Trucking's negligence as a matter of law with his own negligence, as found by the jury, amounted to a waiver of any complaints to the charge. Tex.R.Civ.Pro. 279; *Glens Falls Ins. Co. v. Peters*, 386 S.W.2d 529, 531 (Tex.1965); *Powell v. Lenox Jenkins Interiors*, 540 S.W.2d 772 (Tex.Civ.App.—Texarkana 1976, writ ref'd n. r. e.). This case was not tried upon the basis of Eagle Trucking's negligence per se, and as tried, the charge was error free. The court of civil appeals erred in reversing the judgment of the trial court that rendered judgment against plaintiff Guin.

■ The judgments of the courts below correctly held that there was no evidence of vicarious liability on the part of Texas Bitulithic Company or Norman Gamel and Clyde Grantham, doing business as G & G Construction Company. Fitch and Eagle Trucking seek to impose vicarious liability upon those parties.[5]

The opinion of the court of civil appeals states the relevant facts in support of its judgment of non-liability by those parties. 590 S.W.2d 200, at 211–14. Texas Bitulithic operated two hot mix plants, one at Longview and the other at Kilgore. It owned the right to extract and move the sand from a sand pit, but it owned no trucks. It had a written contract with G & G Construction, a partnership, who contracted to haul the sand as an independent contractor. G & G owned two dump trucks. Texas Bitulithic let the contract to haul after taking bids, and it paid for delivery to the premises of Texas Bitulithic on a per ton basis. Upon the basis of this evidence, and that recited in more detail in the court of civil appeals opinion of the case, G & G was an independent contractor.

5. There was no appeal from the order sustaining United Drilling Company's motion for instructed verdict.

G & G did not have enough trucks for the sand hauling job; so it made arrangements for a third truck. Peden owned this third truck. This was the truck that was involved in the accident, at which time it was being driven by Guin. Peden was the assistant manager for Texas Bitulithic at its Longview business, and it was Peden who had signed the contract engaging G & G as independent contractor to haul sand for Texas Bitulithic. G & G, when in need of a third truck, would contact Peden, who would then furnish his truck and driver. Guin made the decision whether he would haul or not. The only instructions given Guin were where to load and where to unload. We conclude, as did the courts below, that Peden's sand hauling service with his own individually owned truck was also as an independent contractor. He owned the truck, paid all repairs and insurance on it, and used the truck from time to time to haul for several other businesses in the area. Peden was paid by the load and in turn, personally paid a percentage of his gross receipts to Guin, the driver.

Texas Bitulithic and G & G Construction had no more than the power to direct the place sand was to be loaded and the place it was to be unloaded. There was no other control over Peden, his truck, or his driver. This case is controlled by a number of other dump truck and hauling cases which have denied the existence of an employer-employee relationship. *Industrial Indemnity Exchange v. Southard*, 138 Tex. 531, 160 S.W.2d 905 (1942); *Cocke & Braden v. Ayer*, 129 Tex. 660, 106 S.W.2d 1043 (1937); *Riggs v. Haden Co.*, 127 Tex. 314, 94 S.W.2d 152 (1936); *Dave Lehr, Inc. v. Brown*, 127 Tex. 236, 91 S.W.2d 693 (1936); *Smith Bros. v. O'Bryan*, 127 Tex. 439, 94 S.W.2d 145 (1936); *Southern Surety Co. of New York v. Scheel*, 125 Tex. 1, 78 S.W.2d 173 (1935); *Security Union Ins. Co. v. McLeod*, 36 S.W.2d 449 (Tex.Comm'n App.1931, judgmt approved). We conclude that Peden's exercise of control over his own truck was like that of G & G over their own trucks, and that both were independent contractors.

The court of civil appeals was correct in its judgment that Texas Bitulithic and G &

G were not vicariously liable and in affirming that part of the trial court's judgment. However, the court of civil appeals erred in that part of its judgment which reversed the trial court's judgment that Fitch and Eagle Trucking recover their damages against Guin and Peden. We reverse that portion of the judgment of the court of civil appeals and affirm the judgment of the trial court.

## ON MOTION FOR REHEARING

Johnnie Wesley Guin and Billy Wayne Peden urge by their motion for rehearing that two jury findings favorable to Robert Fitch and Eagle Trucking were contrary to the great weight of the evidence or were not supported by sufficient evidence. They have preserved points that complained of the jury's negative answer to special issue 1(a), which issue asked if Eagle Trucking was negligent in blocking the lane of the highway, and also the jury's answer of "None" to the special issue which asked about Guin's damages. A decision concerning those matters is beyond this court's jurisdiction.

We accordingly grant Guin's and Peden's motion for rehearing. We set aside our former judgment affirming that part of the judgment of the trial court that Fitch and Eagle Trucking recover against Guin and Peden. We do not, however, set aside that part of our former judgment affirming the judgments below that Texas Bitulithic and G & G are not liable. We sever and render judgment affirming the court of civil appeals judgment that Guin and Peden take nothing against United Drilling Company, Texas Bitulithic Company, and G & G.

The court of civil appeals reversed the judgment of the trial court that Fitch and Eagle Trucking Company recover judgment, and remanded that part of the cause to the trial court. This court reverses that judgment. Since the complaints about the sufficiency of the evidence and the great weight of the evidence relate to only two jury findings, we remand this part of the cause to the court of civil appeals only for

the exercise of its fact-finding jurisdiction over those two jury findings. Rule 503, Tex.R.Civ.Pro. *Shriro Corp. v. Ward*, 570 S.W.2d 395 (Tex.1978); *Dyess v. Connecticut General Life Ins. Co.*, 463 S.W.2d 724, 729 (Tex.1971); *Stanfield v. O'Boyle*, 462 S.W.2d 270 (Tex.1971).