**EAGLE TRUCKING COMPANY and Robert Fitch, Petitioners,**

v.

**John Wesley GUIN and Billy Wayne Peden, Respondents.**

No. C–718.

Supreme Court of Texas.

Oct. 20, 1982.

Rehearing Denied Nov. 24, 1982.

Erskine, Dunn & McMahon, Blake Erskine, Longview, Wellborn, Houston, Bailey, Perry & Adkison, Blake Bailey, Henderson, for petitioners.

Roberts, Harbour, Smith, Harris, French & Ritter, Mathew Dove and Otto Ritter, Longview, Ramey, Flock, Hutchins, Jaffus, McClendon & Crawford, Mika A. Hatchell, Tyler, for respondents.

PER CURIAM.

We grant the motion for rehearing, 590 S.W.2d 200, set aside our order dismissing the application for writ of error, for want of jurisdiction, and now refuse the application, no reversible error. This Court rendered judgment in this cause in a prior appeal. 612 S.W.2d 503. At that time, we finally disposed of many claims and parties, but we remanded the cause to the court of appeals for the limited purpose of passing on two points of error over which this Court had no jurisdiction. The court of appeals has done that and has decided there was insufficient evidence to support a negative finding to the issue which asked whether Eagle Trucking Company was negligent in blocking the lane of traffic along which Guin was traveling and whether he suffered any damages. Those issues related only to the cause of action that John Wesley Guin asserted against Eagle Trucking Company. If on retrial, the jury finds some percent of fault by defendant Eagle, then Guin would be entitled to a set-off.

The posture in which this case is presently before the courts is that all issues and claims among the parties have been established and disposed of except for the action by Guin against Eagle Trucking Company, and the court of appeals judgment should not be construed as a general remand to the trial court. Tex.R.Civ.Pro. 503.