**CHICAGO INSURANCE COMPANY, Appellee,**

**v.**

**FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC.; Locust Farms, Inc.; and Erma Luttrell, Personal Representative of the Estate of Coldman Luttrell, Appellants.**

**No. 90–2059EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1991.

Decided March 27, 1991.

David Hodges, Little Rock, Ark., for appellants.

Paul McNeill, Jonesboro, Ark., for appellee.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Farm Bureau Mutual Insurance Compa-

ny [1] appeals an order of the District Court [2] granting summary judgment in favor of Chicago Insurance Company in this action to determine liability under an insurance policy. Farm Bureau sought contribution from the Chicago Insurance Company toward a settlement arising out of a fatal trucking accident. We affirm.

We recite the facts in the light most favorable to Farm Bureau. Junior Anderson Trucking, Inc., is a Texas corporation which transports agricultural products in Texas. One of its regular customers is the Farmer's Cooperative of El Campo, Texas. In July 1984, Farmer's Cooperative hired Junior Anderson to haul grain to various points in Texas. Realizing that its eight trucks could not handle all of Farmer's Cooperative's hauling, Junior Anderson contacted other trucking firms, including Locust Farms, an Arkansas corporation, to meet Farmer's Cooperative's needs. In response, Locust Farms sent three employees and trucks to work on the Farmer's Cooperative job.

Coldman Luttrell drove one of these Locust Farms trucks. On July 18, 1984, while on his second trip to Houston for Farmer's Cooperative, Luttrell's truck collided with another truck, driven by Lee A. Barfield. Both drivers died in the crash. Barfield's estate sued Luttrell's estate, Locust Farms, and Junior Anderson in a Texas state court for wrongful death. Locust Farms carried a $500,000 primary insurance policy from Miller's National Insurance Company, and an excess policy for $500,000 from Farm Bureau. Prior to trial, Barfield's estate settled with Locust Farms' insurers for one million dollars, and dismissed its action against Junior Anderson.

Although Barfield's estate dismissed its action against Junior Anderson, Farm Bureau demanded contribution in the amount of $500,000 from Junior Anderson's insur-er, Chicago Insurance. Farm Bureau contended that Chicago Insurance's policy covered the Locust Farms truck driven by Luttrell because the truck was a "hired automobile." The "hired automobile" provision in that policy states:

> It is agreed that the insurance with respect to owned automobiles applies to the maintenance or use ... of hired automobiles, subject to the following provisions:
>
> ....
>
> (d) The insurance does not cover as an insured, the owner or any lessee ... of a hired automobile, or any agent or employee of such owner or lessee, if the bodily injury or property damage occurs: (1) while the automobile is not being *used exclusively in the business of the named insured....*
>
> (e) ... "hired automobile" means an automobile not owned by the named insured which is used *under contract in behalf of,* or loaned to, *the named insured....*

Appendix at 33 (emphasis added).

Chicago Insurance denied coverage under this provision, and sought a declaratory judgment regarding its liability. Farm Bureau counterclaimed, raising the same issues as Chicago Insurance. On September 5, 1989, Chicago Insurance moved for summary judgment on various grounds, including the ground that Luttrell's truck was not a "hired automobile" under the policy. Applying Texas law,[3] the District Court granted Chicago Insurance's motion on this basis, and dismissed the action. Farm Bureau appeals.

Our review of the District Court's grant of summary judgment is guided by the same standard it used: we will affirm if the record does not reveal a genuine dispute over a material fact and if Chicago Insurance is entitled to prevail as a matter of law.[4] Thus, the existence of any factual

---

1. For simplicity, we refer to the appellants collectively as Farm Bureau.

2. The Hon. Garnett Thomas Eisele, Chief United States District Judge for the Eastern District of Arkansas.

3. After performing a choice-of-law analysis, the District Court applied Texas law. The parties do not quarrel with this decision.

4. Contrary to appellant's assertion, summary judgment is not an "extreme remedy" available only when there is "no room for controversy." Appellant's Brief at 9–10. Appellant quotes *Fi-*

dispute does not preclude summary judgment. Moreover, summary judgment is proper if the record does not contain sufficient evidence to support the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The record must, however, be read in the light most favorable to the party opposing the motion for summary judgment.

The District Court determined that Locust Farms was an independent contractor, and therefore Farm Bureau could not prove its case, even with all factual disputes resolved in its favor. Farm Bureau does not dispute the District Court's holding that the policy language "used exclusively in the business of" and "under contract in behalf of" precludes its recovery if Locust Farms acted as an independent contractor. Rather, it claims the District Court erred in concluding as a matter of law that Locust Farms operated in that capacity.

Farm Bureau argues that it presented sufficient evidence of a lease of the three Locust Farms trucks and drivers to show that they were "under contract in behalf of" Junior Anderson, rather than under contract in their own behalf, as independent contractors would be. We disagree. Even if we assume, as Farm Bureau urges, that oral leases of trucks are valid under Texas law, our review of the record convinces us that there is insufficient evidence of a lease.

We also cannot agree with appellant that the control Junior Anderson exercised over Locust Farms' trucks precludes a finding that it was an independent contractor. Indeed, the facts compel the opposite conclusion. Locust Farms chose how many, and which trucks and drivers to send to El Campo. Locust Farms maintained the trucks, including carrying insurance on them. Its insurer paid for the grain Farmer's Cooperative lost in the accident. A permit allowing Luttrell's truck to haul grain in Texas was issued to Locust Farms. While Junior Anderson advanced money for fuel to the Locust Farms drivers, Locust Farms paid the money back. Luttrell remained an employee of Locust Farms, with Locust Farms maintaining his workers' compensation insurance. Additionally, Locust Farms' drivers were free to choose their own routes for delivery and to leave the job at any time.

It is true that Junior Anderson did have some control over Locust Farms' drivers. Junior Anderson told the drivers what they were transporting and where to pick it up. Junior Anderson required the trucks to have permits necessary to haul in Texas. If any truckers were unsatisfactory, Junior Anderson could remove them. Any disputes between Farmer's Cooperative and Locust Farms' drivers were resolved by Junior Anderson. Upon completion of their trips, Locust Farms' drivers gave their weight tickets (made out to Locust Farms) and proof of delivery to Junior Anderson, which then submitted a bill to Farmer's Cooperative. After Farmer's Cooperative paid Junior Anderson for these deliveries, Junior Anderson retained a five per cent. fee before paying the Locust Farms drivers.

Despite Junior Anderson's limited supervisory powers over Locust Farms' drivers, they remained independent contractors. On facts quite similar to these, the Texas Supreme Court has held that the driver of the truck and its employer are independent contractors. *Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503, 508 (Tex. 1981). Appellant's attempt to distinguish *Eagle Trucking* on the ground that it did not involve an interpretation of a "hired automobile" provision is not persuasive.

Since we agree with the District Court that Locust Farms acted as an independent

---

nancial *Timing Publications v. Compugraphic Corp.*, 893 F.2d 936, 944 (8th Cir.1990), for this proposition. This standard for summary judgment is too strict. The *Compugraphic* court inadvertently relied on a case decided prior to the Supreme Court trilogy of decisions beginning with *Celotex Corp. v. Catrett*, 477 U.S. 317,

106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), which requires courts to treat motions for summary judgment more hospitably. See *City of Mount Pleasant v. Associated Electric Cooperative*, 838 F.2d 268, 273–74 (8th Cir.1988). We therefore decline to follow the *Compugraphic* case in this respect.

contractor and therefore could not be a "hired automobile" as a matter of law, we need not address the other claims raised by the appellant.

Accordingly, the judgment of the District Court is affirmed.